JOHN J. MERRILL

*vs.*

ELI T. NELSON.

· On September 28th, 1857, Jennetta Crees, being the wife of J. W. Crees and owner of certain land, executed an instrument in form a mortgage thereof running to one Merrill. The instrument is in terms made " by and between Jennetta Crees * * party of the first part, * * and John J. Merrill," the husband of said Jennetta not being referred to by name, or otherwise, in the deed, except by his signature and seal after the *in testimonium* clause. *Held*, that the mortgage is not the *joint deed* of the said husband and wife. *Held* further, that it is sufficiently executed (and therefore valid as a mortgage) under the provisions of *section* 105, *ch.* 71 *Rev. St.*, as being the deed of the wife, executed with the consent of the husband. *Held* further, that *section* 12 *ch.* 46 *Rev. St.* requiring an acknowledgment by the wife of a deed jointly executed by her and her husband to be taken separately apart from the husband, does not apply to a deed executed by the wife under *section* 105 *ch.* 71 *Rev. St.*, but that it is sufficient if she acknowledge the same to be her voluntary act and deed.

The mortgage in question was foreclosed by advertisement. The place of sale was designated in the notice of sale as follows, viz.: " in front of the office of the register of deeds in the county of Fillmore," said county being referred to in said notice as being in the State of Minnesota. *Held*, that the place of sale was sufficiently specified.

The certificate of sale was signed " W. C. Pickett, (seal) sheriff of Fillmore county." *Held*, that the certificate was sufficient, though it does not appear in the body of the same that the sale was made by Pickett *as* sheriff. *Held* further, that said certificate and the filing endorsed thereon were properly received in evidence, although such endorsement was signed " G. W. Willis, clerk," it appearing that Willis was at the time of filing both clerk of the district court and register of deeds ; that he used

Merrill v. Nelson.

the same room for his office both as clerk and register; and that the certificate was handed by the sheriff to Willis or one of his clerks, and that it was found in the package of certificates of mortgage sales in the register's office, where it had been several times seen since originally filed.

*Goenen vs. Schroeder et al.* (*ante p.* 66) followed as to the non-applicability of *section* 61 *and* 62, *ch.* 84, *Pub. St.*, to the affidavits provided for in *ch.* 75, *Pub. St.*

The premises sold in this instance consisted of two tracts of land, touching only at a common corner. *Held*, that although the premises consisted of two distinct tracts of land, yet if they constituted but one farm they might properly be sold in gross.

In this case it did not expressly appear from the certificate whether the tracts were sold separately or not ; but if they were not, yet as it does not appear, and no evidence is offered to show that though the tracts were distinct they were not one farm, and as the presumption is that the sheriff performed his duty, *Held*, that there is no ground for supposing or presuming that the sale was not made in strict accordance with the requirements of the statute.

Ejectment in the district court for Fillmore county. The plaintiff claimed title to the lands as purchaser under a statute foreclosure of a mortgage thereon. The mortgage was executed by one Jennetta Crees, the wife of J. W. Crees, on the 28th day of September, 1857, to the plaintiff, John J. Merrill, and appears to have been executed to secure the purchase money of lands conveyed to her on the same day by said Merrill. The husband, J. W. Crees, was not mentioned or referred to in the mortgage, except by his signature and seal thereto. The mortgage was assigned by Merrill to one Findley, and re-assigned by Findley to Merrill before the foreclosure proceedings were instituted. The sale took place on the 23d day of May, 1859, the plaintiff, the mortgagee, being the purchaser of the premises. At the time the action was brought the defendant was in possession of the lands, claiming title thereto as purchaser, under the foreclosure of a mortgage thereon executed by Jennetta Crees and J. W. Crees, her hus-

band, to one Ingraham, dated April 26th, 1858, and claimed to have been foreclosed. On the trial, certain objections were made, and exceptions taken, by the defendant to the admission of the mortgage to Merrill in evidence, and also the assignment and re-assignment of the same, and to the regularity of the foreclosure proceedings, all of which are sufficiently stated in the opinion. The jury under the instruction of the court, returned a verdict for the plaintiff; to which instruction defendant excepted. A motion for a new trial was made and denied, and defendant appeals from the order denying the same to this court.

N. P. COLBURN, for Appellant.

I.   At the date of the alleged mortgage, the real estate of a married woman could only be conveyed by the joint deed of herself and husband. *Statutes of Minnesota,* (1851), *sec. 2, ch. 46.*

This mortgage was not the joint act of the husband and wife, but the act of the wife only. *McFarlin vs. Febiger, 7 Ohio, 194 ; Lufkin vs. Curtis, 13 Mass. 223.*

II.   There was no evidence offered as to the acknowledgment of the alleged mortgage, except the certificate thereon signed by S. B. Murrel as register of deeds, which was not admissible for any purpose. There was no official seal attached nor any evidence that he was register of deeds. If he took the acknowledgment as register, his official seal was necessary. *Sec. 2, Act of March* 1, 1856, *on page* 158 *of Compiled Statutes of* 1869.

III.   The examination of Jennetta Crees " separately apart from her husband," and her acknowledgment that she executed the alleged mortgage " freely and without fear or compulsion from any one," was essential to its validity, and without such

Merrill v. Nelson.

acknowledgment it was a mere nullity. *Sec.* 12, *ch.* 46, *Statutes of Minnesota,* 1851, *page* 212 ; *Marven vs. Harsen,* 2 *Barb. Ch.* 232 ; *Dodge vs. Ellen R. Hollinshead,* 6 *Minn.* 25, *and cases cited on page* 51.

The certificate of S. B. Murrel, even if admissible, furnishes no evidence of such separate examination, or of *such* an acknowledgment. The form and language of the certificate furnish presumptive evidence that the statute was not complied with.

IV. It must appear from the certificate, especially in the absence of other evidence, that the substantial requirements of the statute were complied with. *Walk. Am. Law,* 356 ; *Doe vs. Fidge,* 3 *McLean,* 245 ; *Margaret B. Lane vs. Dallisk et al.,* 6 *McLean,* 200 ; *Barton vs. Morris,* 15 *Ohio,* 408 ; *Watson vs. Bayley,* 1 *Binney,* 470 ; 5 *Ib.* 296 ; 5 *Ib.* 435 ; 4 *Serg. & Raw.* 272 ; 4 *Halsted,* (*N. J.*) 225 ; *Sibley vs. Johnson,* 1 *Manning,* (*Mich.*) 380–4 ; *Elliotl et al. vs. Piersol et al.* 1 *Peters,* 328 ; 6 *Serg. & Raw.* 49, 143 ; 9 *Ib.* 268 ; 14 *Ib.* 84.

V. The assignment from J. T. Findley to plaintiff was improperly admitted in evidence. It assigned no interest in the mortgage. It was executed in the presence of only one witness and was therefore void, and was not aided by the act of July 26, 1858. *Parrot vs. Shaubhut,* 5 *Minn.* 323 ; *Meighen vs. Strong,* 6 *Minn.* 177 ; 12 *Ohio,* 368.

VI. The place of sale stated in the notice was too indefinite and uncertain to comply with the requirements of *sec.* 5 *ch.* 85, *Statutes of* 1851, then in force.

VII. The certificate of sale was improperly admitted. It appears to be the certificate of W. C. Pickett as an individual, and not as sheriff; the adding of the words " sheriff of Fillmore county " below his signature does not change the character of the certificate.

VIII. The premises in question consist of two distinct

tracts of forty acres each, touching only at the corners. *Kresin vs. Mau*, 15 *Minn.* 116, *and cases cited.* Such distinct tracts should have been sold separately. The certificate shows that they were not so sold, and the sale was therefore void. *Sec.* 8, *ch.* 85 *Statutes of Minnesota*, 1851 ; *Worley et al. vs. Naylor et al.*, 6 *Minn.* 192 ; *Ames et al. vs. Lockwood*, 13 *How. Pr.* 555, *and cases cited.*

IX.   A power of sale in a mortgage is made in view of the existing statutes relating to its exercise, and those statutes must be construed as strictly as though they were incorporated into the instrument creating the power ; and whether it be said that the sheriff, in making the sale, acts by virtue of the statute, or as the agent of the parties, he is acting by special authority in the execution of the power, and he must follow strictly the directions given for its execution.

*Sec.* 48, *ch.* 45, *Statutes of Minnesota*, 1851 ; *Dickenson vs. Gilliland*, 1 *Cowen*, 481 ; *Illinois vs. Delafield*, 8 *Paige*, 527 ; 8 *Wis.* 277 ; *Mayhew vs. Davis*, 4 *McLean*, 213 ; *Wash. on Real Prop. vol.* 2, 317 ; *Hilliard on Mortgages, vol.* 1, 138 ; *also* 141, *section* 20 ; *People vs. Covel*, 18 *Wend.* 598 ; *People vs. Sheriff of Broome Co., Ib.* 87.

X.   The affidavits were not admissible. They were not made or recorded within the time provided by law. *Section* 61 *and* 62, *ch.* 95, *Statutes of* 1851 ; and as against the defendant's rights, they are not aided by any of the legalizing acts since passed. The plaintiff would have had no evidence of title, even if the sale had been regular, until these affidavits were made and filed. *Section* 19, *ch.* 85 *of said Statutes.*

XI.   The court below erred in not granting the motion for nonsuit. The court also erred in instructing the jury to return a verdict for the plaintiff. There was evidence admitted which was not conclusive and it was the province of the jury to determine its sufficiency.

Merrill v. Nelson.

THOMAS WILSON, for Respondent.

I.   The execution of said mortgage by J. W. Crees, the husband of Jennetta Crees, was in proper form.

*Compiled Statutes, page* 571, *sec.* 106 ; *Ib. page* 397, *sec.* 2 ; *Elliott vs. Sleeper,* 2 *N. H.* 525 ; *Woodward vs. Seever,* 38 *N. H.* 29 ; *Stone vs. Montgomery,* 35 *Miss.* 83 ; *Ingoldsby vs. Juan,* 12 *Cal.* 564.

II.   The second point made by the appellant's counsel goes on the assumption that the register of deeds, before whom the mortgage was acknowledged, did not affix to his certificate of acknowledgment his official seal.   The court will observe that no such point as this was made in the court below, and therefore it will not be heard in this court ; for the suggestion of it here is calculated to surprise the opposite counsel, and is injustice to the court below.   The case comes before this court on a bill of exceptions, and therefore only so much of the evidence is set out as is necessary to properly present to this court *the matters complained of as error.*   The propriety and necessity of a rigid adherence to this rule, and refusing to permit an appellant on a bill of exceptions to raise, in this court, questions not shown to have been raised below, is well illustrated by this case. *For, as a matter of fact, the register of deeds did affix his official seal to said certificate of acknowledgment, and that fact, appeared by the assigned mortgage, offered in evidence below ;* but no question having been made as to that, the bill of exceptions is silent as to it.   Besides, a seal could not be presented in the bill of exceptions, except by an affirmative statement that the officer's seal was affixed, and the apparent absence of seal to acknowledgment raises no presumption.

III.   The form of the certificate of acknowledgment is sufficient.

*Jordan vs. Cory,* 2 *Ind. R.* 386 ; *See Law of Ind. of* 1843, *as*

*to acknowledgment; also Law of Ind. of 1824, as to acknowledg-*
*ments ; Stevens vs. Doe, 6 Blackford 476 ; Ruffner vs. McLenan,*
*16 Ohio R. 639 ; Chesnut vs. Shane, 16 Ohio R. 599 ; Gregory*
*vs. Ford, 5 B. Monroe, 481 ; Nantz vs. Bailly, 3 Dana, 111 ; Hayes*
*vs. McKinsey, 5 Mon. 41 ; 2 Ill. Stat., ( 1858 ) sec. 17, page 963 ;*
*Card vs. Patterson, 5 Ohio State R. 319 ; 1 N. Y. Rev. Stat., page*
*758, sec. 10, and page 759, sec. 15 ; Laws 1870, ch 55, p. 116.*

And there being no evidence to the contrary, the presump-
tion is that the officer taking the acknowledgment did his
duty, and that the mortgage was in fact properly acknowl-
edged.

*The King vs. Catesby, 2 Barn. & Cress. 814 ; Bank of U. S. vs.*
*Dandridge, 12 Wheaton, 70 ; The King vs. Hawkins, 10 East. 211 ;*
*Hartwell vs. Root, 19 John. R. 345 ; Jackson vs. Schaffer, 11*
*John. R. 517 ; Miller vs. Chance, 3 Edwards' Ch. R. 399 ; Hiltz*
*vs. Colvin, 14 John. R. 182 ; Hickman vs. Skinner, 3 Monroe,*
*210 ; Hanson vs. Barnes' Lessees, 3 Gill. & I. 359 ; Downing vs.*
*Runger, 21 Wend. 178 ; See 1 Phillip's Ev. (4 Am. Ed.) 604-58 ;*
*Broom's Legal Maxims, under maxim "Omnia praesumuntur*
*rite," &c.,* and the cases collated in the notes in the last two
cited authorities.

IV.   The assignment from Findley to plaintiff was as good,
and conveyed as much as the assignment from plaintiff to
Findley, and it in no wise affects the rights of either party to
this action, whether either assignment was good or bad.   But
even if the question were important, it would cut no figure in
this case, as our curing statutes have healed all such errors as
want of second witness.

*Ross vs. Worthington, 11 Minn. 438.*

V.   The sixth and seventh points of Appellant's counsel,
we think require no examination; they are wholly unsub-
stantial.

VI.   Our statute providing that " if the mortgaged premi-

Merrill v. Nelson.

ses consist of separate and distinct farms or tracts, they shall be sold separately," is directory. A sale made in gross is irregular and voidable at the instance of the aggrieved party, *but is not void. Cunningham vs. Cassidy,* 17 *N. Y.* 276.

Nor does it appear that these separate tracts were not sold separately.

VII.  It was not necessary for us to even offer in evidence the affidavits objected to and the delay in filing them was cured.

*Laws of* 1866, *pages* 55 *and* 56 ; *Laws of* 1868, *pages* 116 *and* 117 ; *Laws of* 1870, *page* 139.

The right to take advantage of such informalities is not a vested right.

*Cooley on Con. Lim.* 370 *and* 378.


*By the Court.*—BERRY, J.—On September 28th, 1857, Jennetta Crees, being the wife of J. W. Crees and owner of certain lands, executed an instrument, claimed to be a mortgage thereof, running to plaintiff.  The instrument is in terms made " by and between Jennetta Crees  *  *  *  party of the first part,  *  *  and John J. Merrill," her husband not being referred to by name, or otherwise, in the deed, except by his signature and seal after the *in testimonium* clause.  The defendant argues that the mortgage is void because it does not comply with *sec.* 2, *ch.* 46, *Rev. St.,* (1851,) which provides that " a husband and wife may by their joint deed convey the real estate of the wife, in like manner as she might do by her separate deed if she was unmarried."  We are of the opinion that this is not the deed of J. W. Crees, because it does not contain any apt words of conveyance on his part, or any words expressive of an intention on his part to be or to be bound as a grantor in the deed.  *Cathin vs. Ware,* 9, *Mass.* 320 ; *Melvin vs. Proprietors, &c.,* 16 *Pick.* 137 ; *Bence vs. Wood,*

1 *Met.* 542 ; *Greenough et al. vs. Turner*, 11 *Gray*, 334 ; *Wales vs. Coffin*, 13 *Allen*, 216 ; *McFarland vs. Febiger's Heirs*, 7 *Ohio*, 194 ; *Ag. Bank of Miss. vs. Rice*, 4 *Howard*, U. S. 225.

But we think it is sufficiently executed under the provisions of *sec.* 105, *ch.* 71, *Rev. St.* This section enacts, in effect, that the real estate of a *feme covert* " shall be and continue the real \* \* estate of such female after marriage, to the same extent as before marriage \* \* \* *Provided*, that nothing in this section contained shall be construed to authorize any married woman to give, grant or sell any such real \*. \* property during coverture, without the consent of her husband." The effect of these statutory provisions is to give a married woman the same authority to grant and convey her real property as if she were sole, subject only to the condition that the grant or conveyance must be made with the *consent* of her husband. *Kingsley vs. Gilman*, 15 *Minn.* 59. This consent is not required to be expressed by the husband by joining as grantor with her in the instrument of conveyance.

Without undertaking at this time to lay down any general rule as to the proper manner of signifying such consent, we have no doubt that it may be properly and effectually signified by the signing and sealing of the wife's deed by the husband, as was done in this instance. We are quite unable to conceive what possible purpose could be ascribed to such signature and seal, unless it be a purpose to consent, at least, to the wife's deed. So far, then, as the validity of the alleged mortgage depended on the action of J. W. Crees, there is no objection to it. *Ingoldsby vs. Juan*, 12 *Cal.* 564 ; *Hills vs. Bearse*, 9 *Allen*, 403 ; *Wales vs. Coffin*, *supra*.

The objection to the certificate of acknowledgment because the official seal of the acknowledging officer—the register of deeds—was not attached, appears to be unfounded in fact; besides, no such objection was interposed below.

Merrill v. Nelson.

The certificate of acknowledgment is in these words: "Territory of Minnesota, Fillmore county, ss.    Be it known that on this 28th day of September, A. D. 1857, before the undersigned came Jennetta Crees to me personally known to be the identical person whose name is subscribed to the foregoing deed as grantor, and acknowledged the instrument to be her voluntary act and deed, and the said J. W. Crees, in absence of his wife, acknowledged to me that he subscribed the said deed voluntarily without fear or compulsion."

Signed, &c.

It is argued that to be effectual the wife's acknowledgment should be taken " separately apart from her husband," and that she must acknowledge that she executed the deed "freely and without any fear or compulsion from any one," and that it is necessary that the certificate should specially show these facts.    *Sec.* 12, *ch.* 46, *Rev. St.* is referred to, which is as follows: "When any married woman residing in this territory shall join with her husband in a deed of conveyance of real estate situate within this territory, the acknowledgment of the wife shall be taken separately apart from her husband, and she shall acknowledge that she executed such deed freely and without any fear or compulsion from any one."    The deed in this case, as we have already determined, is not the joint deed of the husband and wife, and therefore the section cited has no application in this instance.    The statute appears to have provided two ways in which the separate real property of a *feme covert* may be conveyed; one by the joint deed of herself and husband, the other by *her* deed made with the consent of her husband.    Similar provisions of law are found in Massachusetts.    *Hills vs. Bearse, supra.*    In the former case the joint deed was to be acknowledged as prescribed in section 12 above quoted.    To the latter case, however, that section does not apply, and therefore an acknowledgment of the wife's deed

executed with her husband's consent might properly be taken as if she were a *feme sole,* and need not be taken " separately apart from her husband," and it was sufficient, as in ordinary cases, that she acknowledge the same to be her voluntary act and deed.

Our conclusion, then, upon this branch of the case is that the mortgage was valid, both as respects its execution and acknowledgment.

An interest in the mortgage appears to have been attempted to be assigned by plaintiff to one Findley, and by Findley re-assigned to plaintiff. The objections made to the re-assignment may be disposed of by the single remark that it is as good as the assignment. If the re-assignment passed nothing, neither did the assignment, and if the assignment passed anything, the re-assignment restored it, so that in either case the mortgage was plaintiff's property.

This is an action in the nature of ejectment, plaintiff making title through a statutory foreclosure of the mortgage aforesaid. The notice of sale states that the mortgaged premises will be sold, &c., &c., " in front of the office of the register of deeds in the county of. Fillmore," such county being before referred to in the notice as being in the state of Minnesota. It is claimed that this designation of the place of sale is too indefinite and uncertain to satisfy the statute which required the notice to *specify* the *place* of sale.

The statute in force at that time (1859) *sec.* 132, *ch.* 7, *Pub. Stat.,* required the register of deeds to keep his office at the seat of justice, where one was established, as in Fillmore county, and as the words " in front " must by any sensible construction be regarded as equivalent to " immediately in front," or " in front and near to," we are of opinion that the notice will answer, especially when it is considered that, so far

as appears, nobody was misled and no objection taken to the notice until more than ten years after the sale.

The objection that the certificate of sale was improperly admitted on the trial as evidence of sale, because it does not expressly appear in the body of it that the sale was made by W. C. Pickett *as* sheriff, although the certificate is signed " W. C. Pickett (seal) sheriff of Fillmore county," is too technical, since Pickett could make the sale *only as sheriff.* *Sec.* 6, *ch.* 75, *Pub. St.*

The objection made to the admission of the certificate and the endorsement of filing thereon, because the latter was signed " G. W. Willis, clerk," was, we think, very properly overruled. Before these instruments were received in evidence, testimony was put in showing that Willis was at the time of such filing both clerk of the district court, and register of deeds, and that he used the same room for his office, both as clerk and register ; that the certificate was handed by the sheriff to the plaintiff, and by him handed to Willis, or one of his clerks, and that it was found in the package of certificates of mortgage sales in the register's office, where it had been several times seen since originally filed. Manifestly under these circusmtances the designation " clerk " was an error purely clerical, not in any way affecting the *fact* that the certificate was *filed* in the office of the register of deeds as required by *sec.* 10, *ch.* 75, *Pub. St.*

The objection made to the reception of the printer's and sheriff's affidavit, because they were not filed within the time specified in *sections* 61 *and* 62, *ch.* 84, *Pub. Stat.*, is disposed of by the decision of this court in *Goenen vs. Schroeder et al.*, (*ante p.* 66), by which it is held that the sections cited have no application to the affidavits provided for in *ch.* 75, *Pub. St.*

The only further objection which we deem it necessary to consider, is that made to the certificate, and, as we understand

it, to the sale, because the premises sold consisted of two tracts of land touching only at a common corner. Defendant's contention is that the two " tracts should have been sold separately; that the certificate shows that they were not so sold, and the sale was therefore void." Plaintiff's answer is that the provisions of statute (sec. 8, ch. 75, Pub. St.) on this subject are directory only, and that a sale in gross of tracts which are distinct is voidable at the instance of a party aggrieved, but not void, and he cites Cunningham vs. Cassidy, 17 N. Y. 276, in which this view is taken and applied to the case of a judicial sale. Whether there is any such distinction between a judicial sale and a sale in pais, like that in the case at bar, as would make the doctrine of Cunningham vs. Cassidy inapplicable to the latter, as some authorities appear to indicate, (See Lee vs. Mason, 10 Mich. 404) we will not now determine, as we think defendant's objection may be very satisfactorily disposed of upon another ground.

The provision of the statute (Sec. 8, ch. 75, Pub. Stat.) is as follows, viz.: " If the mortgaged premises consist of distinct farms, tracts or lots, they shall be sold separately, and no more farms, tracts, or lots shall be sold than shall be necessary to satisfy the amount due," &c., &c.

The statute speaks of three varieties of real property, to-wit: distinct farms, distinct tracts and distinct lots. Now if by " distinct farms " was meant no more than was meant by " distinct tracts," then the former expression is superfluous, adding nothing whatever to the statute. This absurdity in legislation is not to be presumed. Our construction of the statute is, that it recognizes the fact that there may be distinct tracts of land which constitute in their relation to each other and in the way in which they are used but one farm, and that when the sale to be made is of land used for farming purposes, the inquiry is whether it constitutes distinct farms, or

Merrill v. Nelson.

a 'single farm. If, though made up of distinct tracts, (as in the case at bar, according to *Kresin vs. Mau*, 15 *Minn.* 116) it constitutes but one farm, it may properly (so far as the statute is concerned) be sold in gross, and instances are common in which the best interest of all parties would require such sale in gross. *Anderson vs. Austin*, 34 *Barbour*, 321.

Plaintiff is correct in saying that it does not expressly appear from the certificate but that the two distinct tracts were sold separately. But admit that they were not, and as it does not appear, and no evidence is offered to show that though the tracts were distinct they were not one farm, (so that they might properly be sold in gross,) and as the presumption here, as elsewhere, is that the sheriff performed his duty, there is no ground for supposing or presuming that the sale was not made in strict accordance with the requirements of the statute. The certificate in this case states that Pickett (the sheriff) sold to plaintiff " for the sum of $385.00 * * * the following land, to-wit: the southeast quarter of the southeast quarter of section eleven, (11) and the northwest quarter of the southwest quarter of section twelve, (12) town one hundred and two, (102) of range eleven, (11) west."

Upon the whole then, we are unable to see how the court erred in denying defendant's motion for a nonsuit, or in instructing the jury to find for plaintiff.

The order refusing a new trial is accordingly affirmed.