[No. 7,053.—Department One.]
April 1, 1882.

## HYAM JOSEPH *v.* MANUS DOUGHERTY ET AL.

EXECUTION OF MORTGAGE BY MARRIED WOMAN—ACKNOWLEDGMENT—COMPLAINT—FINDINGS.—In an action to foreclose a mortgage, the complaint alleged, and the Court found that the defendant, a married woman, "*made, executed, and delivered*" the instrument.

*Held*: The finding that the mortgage was "*executed*" imported that it was "*acknowledged.*"

APPEAL from a judgment for the plaintiff in the Twelfth District Court of the City and County of San Francisco. DAINGERFIELD, J.

*R. Percy Wright*, for Appellant.

The complaint does not state facts sufficient to constitute a cause of action against the defendant Ann Dougherty.

It appears on the face of the complaint that at the time it is alleged she executed the mortgage, Ann Dougherty was a married woman. The complaint does not contain any allegation that the defendant Ann Dougherty acknowledged the execution of the mortgage, nor is any copy of the mortgage annexed to the complaint. An allegation of the fact of acknowledgment is essential to the cause of action against her, inasmuch as upon the existence of that fact the validity of the mortgage depends. (C. C. §§ 1093, 1181, 1186, 1187; *Hepburn* v. *Dubois*, 12 Pet. 374; *Jordan* v. *Corey*, 2 Ind. 385; *Jackson* v. *Stevens*, 16 Johns. 110.)

If the plaintiff relies on special circumstances to remove the disability of a married woman to make the contract sued upon, they must appear in his pleadings. (*Hardin* v. *Pelan*, 41 Miss. 112; *Nash* v. *Mitchell*, 71 N. Y. 199; *Leonis* v. *Lazzarovich*,

55 Cal. 55.) There is no finding that she acknowledged the execution of the mortgage, either in the manner prescribed for married women or at all. Taking the facts found by the Court together with the material facts alleged in the complaint, and not controverted by the answer of the defendant Ann Dougherty, there is still wanting the essential and vital fact of the acknowledgment of the execution of the mortgage by her.

*Jarboe & Harrison*, for Respondent.

The allegation and finding that she "made and executed" the mortgage includes all that is requisite to the creation of a perfect instrument. (Webster Dict.: word "execute"; Abbott—Law Dict.; Burrill—Law Dict.)

The acknowledgment being essential to make a married woman's act effective, her deed can not be said to be executed unless it is also acknowledged; or, as was said in the case of *Mariner* v. *Saunders*, 5 Gilm. 125, quoted with approbation by this Court in *Leonis* v. *Lazzorovich*, 55 Cal. 57.

*R. Percy Wright*, for Appellant, in reply:

A careful inspection of the Codes will show that in every part of them the words "execute" and "acknowledge," with reference to instruments, are used to indicate distinct acts or facts, and in Section 1933 of the Code of Civ. Pro. we find: "The execution of an instrument is the subscribing and delivering it." That is the meaning which must prevail. (*Hoag* v. *Howard*, 55 Cal. 564.) To use the word "execute" in pleading as including the fact of acknowledgment would be to plead a conclusion of law. (*Dutch Flat Water Co.* v. *Mooney*, 12 Cal. 534.) As to the interpretation of pleadings we cite *U. S.* v. *Linn*, 1 How. 104; *Bartlett* v. *Prescott*, 41 N. H. 493; *Winter* v. *Baker*, 50 Barb. 432; *Moore* v. *Besse*, 30 Cal. 572; *Rogers* v. *Shannon*, 52 id. 107; *Cross* v. *Evarts*, 28 Texas, 532; *Nichols* v. *Gordon*, 25 id. Sup. 112, and cases cited there; C. C. § 1187; *Dye* v. *Dye*, 11 Cal. 163; *People* v. *Jackson*, 24 id. 631; *Himmelman* v. *Danos*, 35 id. 441; *Dutton* v. *Warschauer*, 21 id. 610; *Mack* v. *Wetzlar*, 39 id. 255; *Stoddard* v. *Treadwell*, 26 id. 294.)

Ross, J.:

This action was brought to foreclose a mortgage. The complaint alleged that the defendants "made, executed and delivered" to the plaintiff a certain indenture of mortgage, by which they granted, bargained and sold, conveyed and confirmed, unto the plaintiff, the lot of land described in the complaint, as security for the payment of a certain promissory note. The defendant, Ann Dougherty, who is the appellant, answered the complaint and denied that she ever "made, executed or delivered" the instrument. After trial, the Court below found that appellant "made, executed and delivered" the mortgage to the plaintiff.

The sole point relied on by appellant for a reversal of the judgment is, that inasmuch as she is a married woman the complaint should have alleged, and the findings should have shown, that she "acknowledged" the execution of the mortgage, in order to have constituted a cause of action against her. But in the case of a married woman the acknowledgment is a part of the execution of the instrument. (Civil Code, §§ 1186 and 1187; *Wedel* v. *Hermann*, 59 Cal. 507; *Leonis* v. *Lazzarovich*, 55 id. 55.) Until acknowledged it is not executed, but when executed it is acknowledged; for when it is said that an instrument is "executed," every act is imported which was requisite to make it operative and effective. In this case, acknowledgment being necessary, the averment of the complaint and the finding of the Court, that the mortgage was "executed," imports that it was "acknowledged."

Judgment affirmed.

McKinstry and McKee, JJ., concurred.