[No. 12945. In Bank. — August 2, 1889.]

EMILIA DANGLARDE, RESPONDENT, *v.* JESUS G. ELIAS ET AL., APPELLANTS.

MARRIED WOMEN — ACKNOWLEDGMENT OF DEED — STATUTORY REQUIREMENTS APPLY TO ALL MARRIED WOMEN. — The provisions of the Civil Code requiring conveyances of land by married women to be acknowledged in a particular manner apply to all married women without exception, whether living with or apart from their husbands, and to all land, whether it is owned by her as her separate property, or otherwise. Unless so acknowledged, a deed by a married woman is invalid, and passes no title to the grantee.

ID. — CERTIFICATE OF ACKNOWLEDGMENT — PRESUMED TO ACCORD WITH FACTS. — If the acknowledgment is in due form, the certificate of the officer is not necessary to the validity of the deed, but may be supplied at a later day; but where a certificate is attached, it is *prima facie* evidence of the fact that the deed was acknowledged as therein indicated, and if it fails to show the examination and acknowledgment separate and apart from the husband, or any other essential to a due and sufficient acknowledgment, it will be presumed, until the certificate is corrected, that such necessary acts were not done.

ID. — FRAUD ON CREDITORS — INOPERATIVE DEED WILL NOT BE SET ASIDE. — A deed purporting to convey land to which the grantor had no title will not be set aside at the instance of his creditors, on the ground that it was fraudulent as to them.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*W. T. Williams,* for Appellants.

*C. C. Stephens, G. Gordon Adam,* and *H. H. Appel,* for Respondent.

WORKS, J. — This action is brought by the respondent against the appellants to set aside a deed from the appellant Jesus G. Elias to his co-defendant, who is his mother, on the ground that the deed was made without consideration, and for the purpose of defrauding his creditors, including the respondent.

Several grounds for reversal are urged by the appellants, but we need only notice one, as it is decisive of the case.

It appears from the evidence that the apparent title of the appellant Elias to the property he is charged with having fraudulently conveyed away was derived through a deed from his mother to him; that his mother was at the time of the conveyance a married woman; that her husband had abandoned her; that they had been living separate and apart for forty years; that she had for many years assumed and been known by her maiden name; that the property was paid for by her own earnings; that her husband was still living; that she and her son continued to occupy the land together since the making of said deed; that the certificate of acknowledgment to the deed was not in the form required in the case of a conveyance by a married woman, but in the form of an ordinary certificate of acknowledgment by a *feme sole;* that she was in fact examined separate and apart from her husband, and the contents of the instrument made known to her; that the deed charged in this case to have been fraudulent was a reconveyance of the property to her by her son, and that both deeds were without consideration.

It is insisted by the appellants that under this state of facts the appellant Elias was never the owner of the property in controversy, and for that reason the respondent had no cause of action. This depends entirely upon the question whether an acknowledgment in the form required by the statute, in case of a conveyance by a married woman, proved by the certificate of the officer in proper form, was necessary.

The respondent contends that as the appellant who made the conveyance was separated from her husband for a number of years, and abandoned by him, had assumed her maiden name, and had paid for the property out of her earnings, that the reason of the law had

ceased to exist, and therefore the statute was not applicable.

The statute applies to all married women without exception, whether living with or apart from their husbands, and to all property, whether it is owned by her as her separate property or otherwise. (Code Civ. Proc., secs. 1186, 1191.) And in the case of a married woman the acknowledgment in the manner required by the code is a part of the deed itself, necessary and essential to its validity. (Civ. Code, secs. 1093, 1186, 1191; *Wedel* v. *Herman*, 59 Cal. 507; *Leonis* v. *Lazzarovich*, 55 Cal. 55; 1 Am. & Eng. Encyc. of Law, 164, and cases cited.) If the acknowledgment is in due form, the certificate of the officer is not necessary to the validity of the deed (*Wedel* v. *Herman, supra*), but may be supplied at a later day; but where a certificate is attached it is *prima facie* evidence of the fact that the deed was acknowledged as therein indicated, and if it fails to show the examination and acknowledgment separate and apart from the husband, or any other essential to a due and sufficient acknowledgment, it will be presumed that such necessary acts were not done.

The certificate may, in an action brought for that purpose, be corrected to conform to the facts where no new rights have intervened. (*Wedel* v. *Herman, supra.*)

There has been no proceeding to correct the certificate in this case, if it be true that the acknowledgment was in the manner required by law. We must presume, therefore, that the acknowledgment was in the ordinary form, and not as required in the case of a conveyance by a married woman; and so presuming, the deed to the debtor in this case was void, and vested no title in him.

The respondent relies upon section 162 of the Civil Code, which provides: "The wife may, without the consent of her husband, convey her separate property." Conceding that this was the separate property of the appellant, the section cited has no bearing upon the

question we are considering.  That section provides that she may convey without the consent of her husband, but the question here is, *how* may she convey, and that is expressly answered by the other sections above cited.

As the appellant Elias had no title to the property in controversy at the time he made the conveyance alleged to have been fraudulent, such conveyance did not injure the respondent, or give her any cause of action.

Judgment and order reversed, and cause remanded for a new trial.

McFARLAND, J., SHARPSTEIN, J., and THORNTON, J., concurred.

Rehearing denied.