[S. F. No. 5205. In Bank.—April 3, 1911.]

G. CORDANO, Appellant, v. JOHN WRIGHT et al., Ap-
    pellants, and SONOMA COUNTY, Intervener and Re-
    spondent.

PLEADINGS—ANSWER SETTING UP DEED—FAILURE TO FILE AFFIDAVIT
    DENYING GENUINENESS AND DUE EXECUTION—ADMISSION—DE-
    FECTIVE ACKNOWLEDGMENT.—In an action to recover damages for
    trespasses alleged to have been committed on plaintiff's land and to
    enjoin further trespasses thereon, in which the defendants as an
    affirmative defense alleged in their answer that the land in question
    was a public highway, and had been conveyed as such by its owners
    by a deed, a copy of which was attached to the answer, the failure
    of the plaintiff to file an affidavit denying the genuineness and due
    execution of the deed, as required by section 448 of the Code of
    Civil Procedure, operates as an admission of its genuineness and
    due execution, although an acknowledgment of the deed, purporting
    to have been made by a married woman, was defective.

ID.—DEED BY MARRIED WOMAN IN 1879—ACKNOWLEDGMENT—EXAM-
INATION WITHOUT HEARING OF HUSBAND—CERTIFICATE.—Under the
provisions of sections 1093, 1186, and 1191 of the Civil Code, as
they read on August 16, 1879, no estate in real property of a mar-
ried woman passed by any grant unless the grant or instrument was
acknowledged by her after an examination without the hearing of
her husband. If the acknowledgment was in fact made as required
by the statute, the certificate of the officer taking it was not neces-
sary to the validity of the deed.

ID.—ADMISSION OF EXECUTION BY MARRIED WOMAN INCLUDES ACKNOWL-
EDGMENT.—An admission, under section 448 of the Code of Civil
Procedure, of the due execution of a conveyance by a married
woman amounts to an admission that it was acknowledged as re-
quired, notwithstanding the fact that the certificate attached to the
deed appears to be defective.

ID.—EFFECT OF FAILURE TO FILE AFFIDAVIT.—The effect of the failure
to file an affidavit under that section is merely to admit the genuine-
ness and the due execution of the instrument. The plaintiff may
still claim that for any cause not going to the question of genuine-
ness or due execution, the instrument was ineffectual to convey any
interest.

ID.—DEED SIGNED BY PERSON NOT GRANTOR.—A deed signed and
acknowledged by persons named therein as grantors, and by others
as well, is not the deed of those not named in the body of the in-
strument as grantors.

ID.—DEED MUST SHOW INTENT TO TRANSFER.—A conveyance to be
effective must contain not only the names of the parties, but also
words indicative of an intent to transfer an interest in the described
property from one to another.

ID.—HOMESTEAD — EFFECT OF DECLARATION — CONVEYANCE MUST BE
EXECUTED BY HUSBAND AND WIFE.—After a homestead had been
declared by a husband and wife, they thereby acquired a common
interest in the property, which was, during the life of both, some-
what akin to a joint tenancy; and after such declaration the home-
stead could not be conveyed or encumbered except by an instrument
executed and acknowledged by both of them.

ID.—DEED OF HOMESTEAD FOR HIGHWAY—HUSBAND SOLE GRANTOR—
DEDICATION BY WIFE—INTENT.—A deed of property covered by a
homestead for a public highway, in which the husband is the sole
grantor, does not purport to transfer or encumber any interest of
the wife, and, although signed by her, is not good as a dedication by
her for the reason that the instrument does not indicate such intent
on her part.

ID.—USE OF HIGHWAY—DEDICATION—USER—GATES.—If a highway ex-
ists by dedication or abandonment to the public (Pol. Code, sec.
2618), the supervisors are vested with power to permit gates or to
order their removal (Pol. Code, secs. 2643, 2736). If the right of

the public is one derived from user alone (prior to the enactment of section 2621 of the Political·Code in 1883), the right is no broader than the use. Such use over a road with gates would not authorize the removal of the gates.

ID.—TEMPORARY DEPOSIT OF LOAD ON HIGHWAY NOT UNAUTHORIZED.—A limited and temporary deposit of part of a load of wood on the road on the top of a hill, for the purpose of enabling a teamster to bring up the remainder, and then reload the whole for further carriage, is not necessarily an invasion of the rights of the owner of the fee, but is a use of the road in furtherance of the purposes for which the public has an easement.

APPEALS from a judgment of the Superior Court of Sonoma County. Thomas C. Denny, Judge.

The facts are stated in the opinion of the court.

T. J. Butts, for Plaintiff and Appellant.

James W. Oates, for Defendants and Appellants.

Clarence F. Lea, District Attorney, and Geo. W. Hoyle, Assistant District Attorney, for Intervener and Respondent.

SLOSS, J.—This action was commenced by G. Cordano against John Wright and four others to recover damages for trespasses alleged to have been committed on plaintiff's land and to enjoin the defendants from entering upon said land and committing further trespasses thereon. The allegation is that the defendants erected wire fences on the northerly and southerly sides of a sixty-foot strip running over plaintiff's land from east to west. The defendants answered, denying the allegations of damage and alleging as an affirmative defense that the strip described in the complaint was and for many years had been a public highway of Sonoma County. They further averred that on August 16, 1879, John McDonald and Catherine McDonald were the owners in fee of the tract of land now owned by plaintiff and that on said day they made and executed a deed conveying said sixty-foot strip to the county of Sonoma as and for a public highway. A copy of the deed is attached to the answer. Answering an allegation of the complaint that they had torn down gates maintained by

plaintiff across said strip, the defendants justified the removal of said gates by virtue of an order of the board of supervisors authorizing such removal.

The plaintiff did not file any affidavit denying the genuineness and due execution of the deed set up in the answer. (Code Civ. Proc., sec. 448.)

After the issues had been thus framed as between the plaintiff and the defendants, the county of Sonoma filed a complaint in intervention in which it averred that the said strip of land constituted a public highway and relied, among other things, upon the conveyance by John and Catherine McDonald which had been set up by the defendants in their answer. A copy of said conveyance was made a part of the complaint in intervention. The plaintiff filed a verified answer denying the execution of the deed, averring that at the date of said alleged deed the property was the separate property of Catherine McDonald, and denying that the public had ever used said strip of land sixty feet in width, or had used for purposes of travel across plaintiff's land any road exceeding fifteen feet in width.

The court found "that on the 16th day of August, 1879, John McDonald and Catherine McDonald, the predecessors in interest of the plaintiff in said premises, and who were then and there the owners of said premises, dedicated by a good and sufficient instrument in writing to the county of Sonoma, state of California, which instrument was duly executed, acknowledged, delivered and accepted, a strip of land over the said premises now so owned by the plaintiff sixty feet wide. . . . for highway purposes; that the said instrument was entitled to be recorded and was duly recorded on the 8th day of October, 1879, . . .; that said Sonoma County immediately accepted such dedication and used the same henceforth and up to the present time as and for a public highway. . . . That the said strip has been used continuously by said county and the public for such highway uses and purposes from the making of said dedication to the present time, under said instrument and by and with the knowledge and acquiescense of said McDonalds, and each and every successor in interest to them, down to the commencement of this action including the plaintiff herein."

Upon these and other findings the court gave judgment de-

creeing that the strip of land which had been fenced by the defendants, with the exception of a length of about two chains at the westerly end thereof, is a public road; that the plaintiff be enjoined from maintaining gates across said road; that the defendants be enjoined from using the aforesaid westerly end of the strip and that plaintiff recover from the defendants the sum of two hundred dollars as damages for injuries to his trees, vines, and hay.

From this judgment both the plaintiff and the defendants appeal, the appeal of the defendants being limited to that part of the judgment which allows a recovery of two hundred dollars against them.

The principal point arises upon the plaintiff's attack on the finding above quoted that John and Catherine McDonald, owners of the land, dedicated the strip in question as a highway by a good and sufficient instrument in writing executed and delivered to and accepted by the county of Sonoma.

It was shown that John and Catherine were husband and wife. Prior to the execution of the deed in question they had made, acknowledged, and recorded a declaration of homestead covering the property described in the complaint. The deed set up by the defendants and by the county of Sonoma, as set forth in the respective pleadings, appears to be signed by both John and Catherine and has attached to it a certificate of acknowledgment in the following form:—

"County of Sonoma, } ss.
"State of California.

"On the 16th day of August in the year one thousand eight hundred and seventy nine, before me, Thos. McQuistion, a justice of the peace, in and for said county of Sonoma, personally appeared John McDonald, Catherine McDonald, known to me to be the persons whose names are subscribed to the within instrument, and acknowledged to me that he executed the same. In Witness Whereof," etc., Under the provisions of sections 1093, 1186, and 1191 of the Civil Code, as they read at the date of this instrument, no estate in real property of a married woman passed by any grant unless the grant or instrument was acknowledged by her after an examination without the hearing of her husband. (*Joseph* v. *Dougherty,* 60 Cal. 358; *Tolman* v. *Smith,* 74 Cal. 345, [16

Pac. 189]; *Bollinger* v. *Manning,* 79 Cal. 7, [21 Pac. 375].)
A form of certificate of acknowledgment, showing such sep-
arate examination was prescribed. (Civ. Code, sec. 1191.)
The certificate above quoted fails to comply with these re-
quirements.

No proof of the execution of the instrument other than
such as was afforded by its production was offered by either
the defendants or the intervener. If the execution of the in-
strument by Catherine McDonald was in issue there was,
therefore, no evidence to sustain the finding of the court that
it had been executed or that it had been so acknowledged as
to be entitled to record.

It appears, however, as above stated, that after the defend-
ants had filed their answer setting up the conveyance, the
plaintiff failed to file an affidavit of denial as provided by
section 448 of the Code of Civil Procedure. The result of
such failure was to admit the genuineness and due execution
of the instrument. This does not apply to the averments con-
cerning the deed contained in the complaint in intervention,
these averments being denied by an answer under oath. As
to such intervener it must be held that the findings of the
execution and record of the deed are unsustained by the evi-
dence and that the judgment in favor of the intervener, in so
far as it depends upon such findings, cannot stand.

So far, however, as the defendants are concerned the plain-
tiff must be treated as having admitted the genuineness and
due execution of the deed. During the time when the law
required a special form of acknowledgment as one of the ele-
ments necessary to a conveyance by a married woman of an
interest in her real property, such acknowledgment was
treated by this court as a part of the execution of her con-
veyance. (*Wedel* v. *Herman,* 29 Cal. 507; *Joseph* v. *Dough-
erty,* 60 Cal. 358; *Danglarde* v. *Elias,* 80 Cal. 65, [22 Pac.
69].) If the acknowledgment was in fact made as required
by the statute, the certificate of the officer was not necessary
to the validity of the deed. (*Banbury* v. *Arnold,* 91 Cal. 606.)
An averment that a married woman executed the instrument
was therefore a sufficient averment that she acknowledged the
execution as required. (*Joseph* v. *Dougherty,* 60 Cal. 358.)
Upon the same reasoning it must be held that an admission,
under section 448 of the Code of Civil Procedure, of the due

execution of a conveyance by a married woman amounts to an admission that it was acknowledged as required and this, notwithstanding the fact that the certificate attached to the deed appears to be defective. In support of the admission of the pleadings it must be presumed that there was some further acknowledgment than that recited in the certificate.

But the effect of the failure to file an affidavit under section 448 is merely to admit the genuineness and the due execution of the instrument. Notwithstanding such admission, it may be shown that the instrument was executed under undue influence and by mistake (*Moore* v. *Copp*, 119 Cal. 429, [51 Pac. 630]) or that there was no consideration for it (*Brooks* v. *Johnson*, 122 Cal. 569, [55 Pac. 423]) or that the transfer, although absolute in form, was in fact a mortgage. (*Clarke* v. Fast, 128 Cal. 422, [61 Pac. 72].) "The effect of an admission of the genuineness and due execution of an instrument pleaded by a defendant, and not denied, as provided by section 448 of the Code of Civil Procedure, is to avoid the necessity of proof of its genuineness and due execution, and nothing more; and whether it is proven or its due execution is admitted, its terms and legal effect are to be determined by an inspection of the instrument. It stands as an exponent of the facts therein set out, to be construed by the court, and the conclusions of law are to be deduced therefrom." (*Carpenter* v. *Shinners*, 108 Cal. 359, 362, [41 Pac. 473].)

It is therefore still open to the plaintiff to claim that for any cause not going to the question of genuineness or due execution, the instrument was ineffectual to convey any interest. Two such grounds are here urged. First, it is claimed that the deed on its face does not purport to transfer or bind any interest of Catherine McDonald. The further contention is made that the description of the strip of land purporting to be granted as a highway is so indefinite that it is impossible to locate the same upon the ground.

We think the first of these contentions is well founded. The deed reads as follows:—

"This indenture made the 16th day of August, A. D., 1879, by John McDonald, of the first part, and the county of Sonoma, state of California, of the second part, Witnesseth:

"That the said party of the first part, for and in consideration of the sum of two hundred dollars to me in hand paid

by the said party of the second part, the receipt whereof is hereby acknowledged, for their heirs, executors, administrators and assigns, has covenanted and granted, and by these presents do covenant and grant, with and unto the said party of the second part, that from and after the date of these presents the said party, of the second part shall, without let, hindrance or molestation by said party of the first part, perpetually to have, use and enjoy as, and for a public road, and highway of said county and for that purpose to be laid out and opened by said party of the second part, and that it shall be lawful for the inhabitants of said county and all other persons at any time therein being from time to time, and at all times hereafter, and for all purposes to go, return, pass and repass, . . . and in any manner otherwise used as and for a public way:

"All that certain piece and belt of land (here follows the description).

"In Witness Whereof, the said party of the first part has hereunto set his hand and seal the day and year first above written."

Following these words appear the names of John McDonald, Winifield S. Jones, C. Q. McCoy, and Catherine McDonald, and attached is the certificate of acknowledgment hereinabove quoted, and a second certificate witnessing the acknowledgment of Winifield S. Jones and C. Q. McCoy. In the body of the deed the name of Catherine McDonald does not appear as a grantor. The only grantor named is John McDonald and the instrument purports to be a grant from him alone. The only connection of Catherine McDonald with the instrument appears from the fact of her signature and the certificate showing an acknowledgment by her. But this certificate declares merely that John and Catherine McDonald acknowledged that "*he* executed the same." The clear weight of authority is to the effect that a deed signed and acknowledged by persons named therein as grantors, and by others as well, is not the deed of those not named in the body of the instrument. (13 Cyc.; *Agricultural Bank* v. *Rice*, 4 How. (U. S.) 225, [11 L. Ed. 949]; *Batchelor* v. *Brereton*, 112 U. S. 396, [5 Sup. Ct. 150, 28 L. Ed. 748]; *Adams* v. *Medsker*, 25 W. Va. 127; *Harrison* v. *Simons*, 55 Ala. 510; *Gaston* v. *Weir*, 84 Ala. 193, [4 South, 258]; *Johnston* v. *Goff*, 116 Ala. 648,

[22 South. 995]; *Peabody* v. *Hewitt,* 52 Me. 33, [83 Am. Dec. 486]; *Cox* v. *Wells,* 7 Blackf. (Ind.) 410, [43 Am. Dec. 98]; *Catlin* v. *Ware,* 9 Mass. 218, [6 Am. Dec. 56]; *Lufkin* v. *Curtis,* 13 Mass. 223; *Merrill* v. *Nelson,* 18 Minn. 366; *Stone* v. *Sledge,* 87 Tex. 49, [47 Am. St. Rep. 65, 26 S. W. 1068]; *McFarland* v. *Febiger's Heirs,* 7 Ohio, 194, [28 Am. Dec. 632]; *Bankston* v. *Crabtree Min. Co.,* 95 Ky. 455, [25 S. W. 1105].)

The rule is supported by reason as well as authority. A conveyance to be effective must contain not only the names of the parties but also words indicative of an intent to transfer an interest in the described property from one to another. A deed which declares that A thereby grants certain property to B is the deed of A alone. If, in addition to the signature of A, there is affixed that of C, C does not thereby bind himself to anything more than is declared on the face of the instrument, which is, that A transfers his interest. As was said in *Batchelor* v. *Brereton,* 112 U. S. 396, [5 Sup. Ct. 150, 28 L. Ed. 748], referring to the holding in *Agricultural Bank* ·v. *Rice,* 4 How. (U. S.) 225, [11 L. Ed. 949], "in order to convey by grant, the party passing the right must be the grantor, and use apt and proper words to convey to the grantee."

These views are not inconsistent with the decisions in *Ingoldsby* v. *Juan,* 12 Cal. 564, and *Dentzel* v. *Waldie,* 30 Cal. 138. In the first of these cases it was held that under a statute providing that the separate property of a married woman might be conveyed by an instrument in writing signed by the husband and wife, a deed purporting to convey the wife's interest and properly signed and acknowledged by her was sufficiently executed if signed and acknowledged also by the husband although the name of the latter was not mentioned in the body of the deed as grantor or otherwise. In *Dentzel* v. *Waldie,* 30 Cal. 138, the holding was similar. In each of these cases the wife was the sole owner of the property sought to be conveyed. The husband had no interests therein and his concurrence in the instrument was required merely "as a protection against imposition, or to afford her his protection, or similar reasons of policy, or to evidence his renunciation of the right to manage or control it." (*Ingoldsby* v. *Juan,* 12 Cal. 564.) No words purporting to convey his estate were

required, because he was conveying no estate. Here, however, the question is a different one. On the findings of the court which declared that John and Catherine McDonald were the owners of the property, an undivided one-half interest belonged to Catherine, and the question is whether this interest could be transferred by her by her mere signature to an instrument purporting to convey the property of John alone. On the authorities above quoted this question must be answered in the negative.

If we look beyond the findings to the evidence, the reasons for this view become even stronger. As has been stated, a homestead had been declared upon this property by John and Catherine McDonald. The husband and wife thereby acquired a common interest in the property, an interest which was, during the life of both, somewhat akin to a joint tenancy of husband and wife (Civ. Code, sec. 1265; *Barber* v. *Babel,* 36 Cal. 14; *Burkett* v. *Burkett,* 78 Cal. 310, [12 Am. St. Rep. 58, 3 L. R. A. 781, 20 Pac. 715] ; *Gleason* v. *Spray,* 81 Cal. 217, [15 Am. St. Rep. 47, 22 Pac. 551] ; *Hannon* v. *Southern Pacific R. R. Co.,* 12 Cal. App. 350, [107 Pac. 335]), and after such declaration the homestead could not be conveyed or encumbered except by an instrument executed and acknowledged by both husband and wife. (Civ. Code, sec. 1242; *Barber* v. *Babel,* 36 Cal. 14; *Flege* v. *Garvey,* 47 Cal. 375; *Tipton* v. *Martin,* 71 Cal. 325, [12 Pac. 244].) The effect of the provisions of section 1242 of the Civil Code, as that section has been construed by this court, is to make it impossible for either spouse to transfer or encumber the homestead "except by the joint act of both in the mode provided by the homestead law," that is by means of a joint and concurrent execution of an instrument. (*Hart* v. *Church,* 126 Cal. 472, [77 Am. St. Rep. 195, 58 Pac. 910, 59 Pac. 296].) If the property covered by the homestead were the separate property of either of the spouses, it might on the reasoning of *Ingoldsby* v. *Juan,* 12 Cal. 564, be said that the requirement of the law would be complied with if the one owning the property executed a conveyance purporting to carry his or her interest and the other spouse manifested assent to the conveyance by signing and acknowledging it. But where both husband and wife are owners of the property an instrument conveying or encumbering it cannot be effective unless by its

terms it purports to convey or encumber the interest of each of the owners.

The defendants argue that, even if the instrument was ineffectual as a conveyance it was still good as evidencing the intent of the owners of the land to dedicate a road. "In dedication no particular formality is necessary; it is not affected by the statute of frauds; it may be made either with or without writing, by any act of the owner . . . indicating a clear intention to dedicate." (*Harding* v. *Jasper*, 14 Cal. 642, 647.) It may be questioned whether there can be a dedication of land selected as a homestead by a married person in any manner other than by an instrument executed and acknowledged by both spouses. A dedication of property as a public street creates an encumbrance, and, where the property is covered by a homestead, cannot be made by the husband alone. (*San Francisco* v. *Grote*, 120 Cal. 59, [65 Am. St. Rep. 155, 41 L. R. A. 335, 52 Pac. 127].) But we need not here decide whether this encumbrance can be created by any act short of the jointly executed and acknowledged instrument described by section 1242 of the Civil Code. The court does not find any dedication or any attempt to dedicate other than "by a good and sufficient instrument in writing" executed by John and Catherine McDonald. That writing, as we have shown, does not purport to transfer or encumber any interest of Catherine McDonald. If it is ineffectual as a conveyance of her interest, it is not good as a dedication by her, and for the same reason, viz., that the instrument does not indicate such intent on her part. "Dedication must be made by the owner of the land, and exists only when he has manifested some intention to make the dedication. 'It is never to be presumed without evidence of unequivocal intention on the part of the owner.' (*Quinn* v. *Anderson*, 70 Cal. 456, [11 Pac. 746].)" (*Huffman* v. *Hall*, 102 Cal. 26, 30, [36 Pac. 417, 418].) The signature by the wife to a deed which, on its face, purports to affect the property of the husband alone, cannot be said to manifest a clear intent to subject her property to the burden of a public road.

Whether the defendants might show or have shown a state of facts estopping Catherine McDonald and her successors from denying the existence of the road as claimed is a question not now before us. The court below has not undertaken

to find such estoppel, but has based its conclusion solely upon a dedication declared by the deed set up in the answer, that is to say, upon an express dedication. The same consideration furnishes an answer to the claim that the existence of the road is established by proof of user. Whatever may be the extent of a right so acquired (see *People* v. *County of Marin,* 103 Cal. 223, 231, [26 L. R. A. 659, 37 Pac. 203]). the findings made, limit us to a review of the evidence for the purpose of determining whether the execution and acceptance of the deed of 1879 constituted a dedication. It may, however, be remarked in this connection that the plaintiff does not question the right of the public to travel over his land upon the road that has heretofore existed. The dispute is over the claim of the county that it has a right to extend such road to a width of sixty feet.

In view of these conclusions it will be unnecessary to consider at length the contention of the plaintiff that the description contained in the deed was insufficient to identify any property. By reason of the necessity for another trial, it may be said, briefly, that the description, read literally, certainly shows serious inaccuracies and uncertainties. As against this, however, we have the fact, admitted by stipulation of the parties, that the defendants employed a surveyor to locate the strip referred to in the deed and that the surveyor, using the description in said deed, did locate such strip along the center of a roadway which was actually in use across plaintiff's premises, and had been so used prior to the date of the deed. In so doing he was no doubt compelled to vary some of the distances contained in the description by inserting decimal points where no such points appeared in the original deed. In view, however, of all the surrounding circumstances and of the fact that the deed may, without any undue stretch of construction, be interpreted as intended to describe a strip following the line of an existing road, we think that it cannot be said that the court was without justification in its conclusion that the deed described a strip of land sixty feet wide extending thirty feet in either direction from the center line of the traveled road across plaintiff's premises.

The foregoing covers the principal points arising on plaintiff's appeal. Upon a new trial the question of the right of

the plaintiff to maintain gates will be determined by the findings relative to the road. If a highway exists by dedication or abandonment to the public (Pol. Code, sec. 2618) the supervisors are vested with power to permit gates or to order their removal. (Pol. Code, secs. 2643, 2736.) If the right of the public is one derived from user alone (prior to the enactment of section 2621 of the Political Code in 1883) the right is no broader than the use. Such use over a road with gates would not authorize the removal of the gates.

Concerning the plaintiff's complaint that the defendants piled wood on the road, we think a limited and temporary deposit of part of a load on the top of a hill for the purpose of enabling a teamster to bring up the remainder, and then reload the whole for further carriage (a practice that is said to have been followed here), is not necessarily an invasion of the rights of the owner of the fee. Such use of the road is in furtherance of the purposes for which the public has an easement. If the defendants did more than this, their acts would constitute an invasion of plaintiff's rights. The facts in this regard can be determined by the trial court.

The foregoing sufficiently covers the points made upon the plaintiff's appeal.

The defendants' appeal is from the parts of the judgment allowing plaintiff two hundred dollars damages. The findings apportion the damages as follows: For destroying forty-five prune trees, forty-five dollars; for damage by sheep to hay, eighty dollars; for damage to one hundred and fifty grape vines, seventy-five dollars. But there are further findings that the defendants did not destroy any grape vines, but merely built a fence which enclosed such vines within the sixty-foot strip and that the defendants had no connection with the damage caused by sheep to plaintiff's hay. There seems to be, therefore, no support for these two elements of damage.

The judgment is reversed and the cause remanded for a new trial, without costs to either party.

Shaw, J., Angellotti, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.