[Civ. No. 6625.   Third Dist.   Jan. 13, 1942.]

MICHAEL M. LOGAN et al., Appellants, v. JOHN VERNON RICHARDS et al., Respondents.

John J. Taheny for Appellants.

W. H. Morrissey for Respondents.

MONCUR, J. pro tem.—This is an action to quiet title of appellants in and to certain real property situated in Daly City, San Mateo County, California. The complaint contains the usual allegations in an action to quiet title and in addition some six separate counts in which practically all of the probative facts are also alleged. In the answer of respondents it is alleged that John Vernon Richards is the owner of the property and therein the allegations as to the probative facts set forth in the complaint are specifically denied. The trial court found against the appellants on the allegations of the complaint and in favor of John Vernon Richards and entered judgment quieting the latter's title to the property. It is from this judgment that the appeal is taken.

The negotiations for the purchase of the property involved were carried on by Ellen Logan, wife of Michael Logan, the mother of respondents by a former marriage. Ellen Logan died on May 27, 1935, and on March 9, 1937, appellant Anna Nieri was appointed administratrix of her estate by the superior court in and for the city and county of San Francisco, and she duly qualified as such. The deed was taken in the

name of Ellen Logan. It is claimed by appellant Michael Logan that he furnished the money with which to purchase the property and that it was the understanding that it should be the community property of himself and his wife Ellen Logan. Ellen Logan and Michael M. Logan were married on or about December 10, 1922. Respondents claim that between them they furnished the money for the purchase of the property and that it was, until the execution and delivery to respondent John Richards of the deeds hereinafter referred to, the separate property of Ellen Logan.

The first of these deeds was one executed and delivered to respondent John by his mother, on August 31, 1931, conveying to him the property. Michael M. Logan was not named as a party in this deed, but be signed and acknowledged it. The other deed was one by appellant Michael M. Logan, dated June 1, 1935, and acknowledged June 3, 1935. There were at least two other deeds involved and also a lease. This lease was from respondent John to appellant Michael. It was for the term of Michael's life and the rental was one dollar per year.

In view of the findings of the trial court, it is not deemed necessary to notice particularly the two last-mentioned deeds or to discuss the controversy arising concerning them. The question of the consideration for this lease was involved, respondents contending that this consideration had failed. The court found specifically in accordance with the contention of respondents. Also, at the trial appellant Michael M. Logan testified that he was not claiming any title under the lease.

The evidence was sharply conflicting. These conflicts were resolved in favor of respondents, the court having found in favor of respondents upon all of the issues raised by the pleadings. Unless the conclusions reached by the trial court were erroneous or there were errors in the admission or rejection of evidence which were prejudicial to the rights of appellants, this court is without authority to disturb the conclusions reached by the trial court. It is the contention of appellants that the court erred prejudicially in rejecting proffered evidence on behalf of appellants that in a prior action in which respondent John Richards was plaintiff his complaint omitted all mention or reference to a deed which he claims. was delivered to him by Michael Logan on June 3, 1935. We do not find it necessary to determine whether it was erroneous for the court to reject this proffered evidence.

After an examination of the entire evidence, we conclude that no prejudice resulted to appellants by reason of its rejection. It is not material that Michael was not designated as a party in this deed to John Vernon Richards on August 31, 1931. In view of the findings of the trial court that at that time the property involved was the separate property of Ellen Logan, Michael M. Logan had no interest to convey and his signature to, and acknowledgment of the execution of the deed was all that was required. (*Ingoldsby* v. *Juan*, 12 Cal. 564; *Dentzel* v. *Waldie*, 30 Cal. 138; *Cordano* v. *Wright*, 159 Cal. 610 [115 Pac. 227, Ann. Cas. 1912 C, 1044].) ▮ It appears that respondent John withheld the deed of August 31, 1931, from record; it is claimed that this was done for the purpose of making it appear that the property was Mrs. Logan's, as she was entitled to a tax exemption by virtue of Michael M. Logan's having served in the Spanish-American War, respondent John not being entitled to an exemption; that this was a fraud upon the county of San Mateo; and that by reason of this fact respondent John Richards is precluded from asserting the title to the land as against his mother's administratrix, as he does not come before the court with clean hands. This matter was gone into quite thoroughly at the trial. The court found against the contention. As there is evidence to support this finding, it cannot be disturbed by this court.

In relation to the contention of appellants respecting the other deeds which we have deemed it unnecessary to specifically mention, these contentions are based upon appellants' view of the evidence favoring these contentions. However, as the trial court found upon conflicting evidence contrary to appellants' position respecting the effect of these deeds, their contention cannot be sustained.

The trial court having made its findings of fact and conclusions of law upon conflicting evidence; the conclusions reached by the trial court being found to be supported by the evidence; and there appearing no error resulting in prejudice to the rights of appellants, it is ordered that the judgment be, and it is hereby affirmed.

Tuttle, J., and Thompson, Acting P. J., concurred.