## BATCHELOR *v.* BRERETON & Another.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued November 14, 1884.—Decided December 1, 1884.

S, the wife of B, joined with him in a deed to H of land of B, in trust for the use of S, during her life, and, at any time, on the written request of S, and the written consent of B, to convey it to such person as S might request or direct in writing, with the written consent of B. Afterwards, B made a deed of the land to W, in which H did not join, and in which B was the only grantor, and S was not described as a party, but which was signed by S and bore her seal, and was acknowledged by her in the proper manner: *Held,* That the latter deed did not convey the legal title to the land, and was not made in execution of the power reserved to S.

The question in this case related to the proper distribution of the proceeds of the sale of a parcel of land in lot 9, in square 455, in the city of Washington, under a decree of the Supreme Court of the District of Columbia.

William H. Brereton and Samuel Brereton (also hereinafter called Samuel Brereton, Junior,) being tenants in common of the land, Samuel and Sarah A., his wife, executed to Peter Hannay a deed dated September 29, 1859, of the land in ques-.

tion, with some other land in lot 9, which was duly recorded. The deed named Samuel and his wife as the parties of the first part. It recited that Samuel, being seized of the one-half undivided interest in the land, desired to assign and convey the same in such manner that the said one-half interest shall inure to the benefit of the said Sarah A. during her natural life, and that to that end he executed the deed. By it, he conveyed to Hannay, and to his heirs and assigns forever, all his title to one-half of the land, " to have and to hold the said undivided one-half interest in the said lands and premises, to him the said Peter Hannay, his heirs and assigns, in and upon the trusts hereinafter mentioned and declared, and for no other use, trust or purpose whatsoever, in trust for the sole use and benefit of . Sarah A. Brereton, . . . the wife of the said Samuel Brereton, during her natural life, free from all ownership, control and obligation to and for her said husband, except so far as herein provided for; to permit the said Sarah A. Brereton to receive the rents, issues and profits of the said undivided one-half interest of said Samuel Brereton in and to said described lands and tenements, and the same to apply to and for her sole use and benefit; and upon this further trust, at any time hereafter, upon the written request of said Sarah A. Brereton, and the written consent of said Samuel Brereton, to sell, dispose of or convey the said undivided pieces or parcels of ground and premises, absolutely, in fee simple, in trust, or for such term or time, and for such uses and purposes, and to such person and persons, as the said Sarah A. Brereton, with the written consent of the said Samuel Brereton, may request or direct, in writing, as aforesaid." The deed further provided that if Samuel should survive Sarah A., the land should revert to him; and that, if she should survive him, the land, after her death, should go to his heirs, or according to his direction given by will or other instrument in writing. Neither in the granting clause nor in the habendum was there any mention of the grant of any interest except the interest of Samuel.

The particular question in this case depended on the effect of a subsequent deed dated June 1, 1874, and duly recorded. That deed began thus: " This indenture, made this first (1st)

day of June, in the year of our Lord one thousand eight hundred and seventy-four (1874), between Wm. H. and Sam. Brereton, of the city of Washington, District of Columbia, parties of the first part, and Wm. H. Ward, of same city and District, of the second part." It then recites, that William H. and Samuel owe to Charles Batchelor $3,500, on a promissory note made by them, payable to him three years after June 1, 1874, with interest at 10 per cent. per annum. It then proceeded: "Now, therefore, this indenture witnesseth, that said parties of the first part" have conveyed and do convey, to the party of the second part, his heirs and assigns, the land in question, with some land in lot 8, describing it, and all the title of the parties of the first part to it, to have and to hold in trust for the payment of said note, and with power, on default in its payment, to sell the land at auction, and convey it, and out of the proceeds of sale to pay the note. The deed concluded as follows: "In testimony whereof, the said parties of the first part have hereunto set their hands and seals;" and is signed thus: "Wm. H. Brereton, (L. S.) Sam. Brereton, (L. S.) S. A. Brereton, (Seal.)"

To this deed was appended the following certificate:

" DISTRICT OF COLUMBIA,    ⎱  <br>
    County of Washington, ⎰ ss:

I, B. W. Ferguson, a justice of the peace in and for the county aforesaid, do hereby certify, that W. H. Brereton, Samuel Brereton, and Sarah A. Brereton, parties to a certain deed, bearing date on the first (1st) day of June, A.D. 1874, and hereto annexed, personally appeared before me in the county aforesaid, the said W. H. Brereton, Samuel Brereton, and Sarah A. Brereton, his wife, being personally known to me to be the persons who executed the said deed, and acknowledged the same to be their act and deed ; and the said Sarah A. Brereton, being by me examined privily and apart from her husband, and having the deed aforesaid fully explained to her, acknowledged the same to be her act and deed, and declared that she had willingly signed, sealed, and delivered the same, and that she wished not to retract it.

Given under my hand and seal, this 23d day of June, A.D. 1874.

B. W. Ferguson, [SEAL]
*Justice of the Peace.*"

On the 30th of May, 1876, Samuel Brereton died intestate, leaving him surviving his widow, the said Sarah A., and an infant son, James I., his only heir-at-law.

Subsequently, Ward, the trustee under the deed of trust of June 1, 1874, and under another and prior deed of trust to him in favor of the same Charles Batchelor, advertised the land for sale, at auction. Batchelor had died and Mary Ann Batchelor had been appointed his executrix. To prevent this sale, Sarah A. Brereton, on the 4th of February, 1879, filed the bill in this suit, making as defendants James I. Brereton, William H. Brereton, Peter Hannay, William H. Ward, Mary Ann Batchelor, as executrix, and some other parties who claimed an interest in or lien on the land. The bill, after setting forth the trust deed to Ward, of June 1, 1874, averred: "Your oratrix further shows unto this Honorable Court, that, although she sealed, signed, and acknowledged the conveyance" of June 1, 1874, "she did not otherwise join in it, nor is she mentioned therein as a party thereto; that said conveyance does not convey nor purport to convey any right, title, interest, or estate of your oratrix in and to said property, or the right, title, interest, or estate of any person or persons other than that of the said William and Samuel, whose alleged indebtedness said conveyance was designed to secure: and your oratrix is advised and believes, and so charges, that, except to renounce her dower interest in said property, to which your oratrix would have been entitled in case said deed from Samuel Brereton, Senior, to the defendants William Brereton and Samuel Brereton, Junior," (being the deed of February 2, 1854, hereafter mentioned), "under which deed said conveyance to said defendant Ward was made, had been operative and effective, the joinder of your oratrix in the execution and acknowledgment of said conveyance was wholly unnecessary and without effect."

The meaning of this last averment was this: On May 1, 1851, Samuel Brereton, Senior, the father of William H. and Samuel, Junior, conveyed the land in question, with some land in lot 8, to William H. and his heirs, in trust for the use and benefit of Mary Ann, the wife of the said Samuel, Senior, for her life, with remainder in fee for the use and benefit of said William H. and Samuel, Junior, as tenants in common. The said Mary Ann having died, Samuel Brereton, Senior, on the 2d of February, 1854, executed a deed to William H. and Samuel, Junior, in fee, as tenants in common, of the land covered by the deed of May 1, 1851. The bill averred, that, by reason of the deed of May 1, 1851, Samuel Brereton, Senior, no longer had any interest in the premises which the deed of February 2, 1854, purported to convey, and that that deed was inoperative. The meaning of the allegation, that the conveyance to Ward, of June 1, 1874, was made under the deed of February 2, 1854, was, that the only description in the conveyance to Ward of the land it covered said that it was parts of lots 8 and 9 " as the same is more particularly described by metes and bounds, in a deed from Sam. Brereton to Wm. H. and Sam. Brereton, Jr., dated the second day of February, 1854."

The bill averred that Ward was intending to sell the interest of the plaintiff in the land in question, claiming that it passed to him by reason of her having signed and acknowledged the deed of June 1, 1874, notwithstanding the before-mentioned circumstances of such signature and acknowledgment. The bill prayed for an injunction restraining Ward and Mrs. Batchelor from selling the property, and for a sale, under the direction of the court, of the interest in it of all the parties to the suit, and the proper distribution of the proceeds. A temporary injunction was granted.

The answer of Mrs. Batchelor set up that the entire title to the land was vested in Ward, as trustee, to secure the $3,500 note. The land was sold at auction under a decree of the court, by a trustee, a reference was made to an auditor to state the trustee's account, and "the legal distribution of the fund among the parties in interest," and the sale was confirmed.

In July, 1880, the auditor made his report. In it, speaking

of the deed to Ward of June 1, 1874, he said: "The signature
of Sarah A. Brereton appears to the said deed, with her seal.
She also united in the acknowledgment attached to the said
deed, the said acknowledgment being made in the proper form
prescribed by the statute regulating that matter in this District.
It will be observed, that she is not a party named in any of
the recitals of the said deed, and that the trustee, Hannay, is
neither mentioned as a party, nor does he unite in any manner
in the execution or acknowledgment of the conveyance. . . .
It is asserted, upon the one hand, that this deed cannot be rec-
ognized here, inasmuch as the trustee is not in any manner a
party to it, and inasmuch as it is left uncertain what might
have been the intention of the complainant, Sarah A. Brere-
ton, in affixing her signature and uniting in the acknowledg-
ment of the same. Upon the other hand, it is argued that the
paper is such an act of the said Sarah A. Brereton as will
induce a court of equity to recognize it as the exercise upon her
part of the power of appointment, or a direction to her trustee,
and to enforce the same as such, and, this distribution being in
a court of equity, and being the act of a court of equity, the
instrument in question will be so treated and enforced. . . .
I am constrained to look upon the paper as absolutely void so
far as" Sarah A. Brereton "is concerned, for the purpose of
this proceeding. . . . I have, therefore, . . . treated
this conveyance as that of William H. Brereton alone, and as
not conveying or affecting the interest or estate of the said
Sarah A. Brereton, and the distribution to the indebtedness
secured by this deed of trust is, therefore, made from the share
of the said William H. Brereton, so far as the same is availa-
ble."

Mrs. Batchelor filed exceptions to the report of the auditor,
in which she claimed that the deed of trust to Ward, of June 1,
1874, "is a good and valid lien as well upon the moiety of, or
interest in, the land described in the bill, held by Peter Han-
nay, trustee, as upon that of William H. Brereton," and she,
therefore, excepted to the allowance of every item in the report
which treated "the said deed of trust as invalid and not a lien
upon the moiety or interest held by Hannay."

On a hearing by the court at special term, the exceptions filed by Mrs. Batchelor were sustained, so far as they related to the deed of June 1, 1874, and the court, in its decree, declared that deed to be a valid lien and charge on both moieties of the land sold, and the report was overruled, so far as it appropriated the proceeds of sale in favor of Sarah A. Brereton and James I. Brereton, as against the deed of June 1, 1874.

The court in general term, on an appeal by the plaintiff from the decree sustaining Mrs. Batchelor's exceptions, reversed the decree in special term, so far as it sustained the exceptions in regard to the effect of the plaintiff's signature to the deed of June 1, 1874, and her acknowledgment thereof, and overruled the exceptions and confirmed the report of the auditor. From the decree to that effect Mrs. Batchelor appealed to this court.

*Mr. A. B. Duvall* and *Mr. Joseph H. Bradley* for appellants.

*Mr. A. S. Worthington* and *Mr. Leigh Robinson* for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court. He stated the facts in the foregoing language, and continued:

The only question involved is that stated by the auditor in his report, and it is easy of solution. Mrs. Brereton was not named in the deed of June 1, 1874. She was not a party to it. She granted nothing by it. Although she signed it, and although the magistrate certified that she was a party to it, and that she acknowledged it to be her act and deed, after having had it fully explained to her, and declared that she had willingly signed, sealed and delivered it, and that she wished not to retract it, it is apparent that she was regarded by the parties to it and the magistrate as having executed it only in respect of a dower interest of hers, as the wife of Samuel Brereton—a supposed interest, perhaps, as regarded lot 9, and an actual interest as regarded lot 8. In view of the deed of February 2, 1854, to William H. Brereton and Samuel Brereton, conveying the land in lots 8 and 9 to them in fee, as tenants in

common, and of the reference in the deed of June 1, 1874, to the deed of February 2, 1854, as the basis of the title which the grantors were conveying, it may have been supposed that there was sufficient scope for the signature and acknowledgment by Mrs. Brereton, as regarded lot 9, in the fact that, if her husband had an interest under that deed, in respect to lot 9, which was capable of conveyance, she, as his wife, had an inchoate right of dower in regard to it, which she had not conveyed by the deed of September 29, 1859, and which the parties to the deed of June 1, 1874, and the magistrate had a right to regard as the subject-matter to be affected by her signature and acknowledgment, although the deed of May 1, 1851, had, by the death of Mary Ann Brereton, become operative to vest in William H. and Samuel, Jr., a title in fee to the land in lot 9, prior to the execution of the deeds of February 1, 1854, and September 29, 1859. This may have been thought a sufficient reason for signing the deed, so far as the land in question, which is wholly in lot 9, is concerned, the deed of September 29, 1859, covering land wholly in lot 9. Then, again, the deeds of May 1, 1851, February 2, 1854, and June 1, 1874, cover land in lot 8, as well as land in lot 9; and, as to the land in lot 8, there was clearly a dower interest to be covered by the execution, by Mrs. Brereton, of the last named deed.

But, however all this may be (and it is referred to only as furnishing an explanation of her signature), her interest in the undivided half of the land in lot 9, for her life, free from the ownership of her husband, with the power to direct the conveyance of it by Hannay, was a distinct interest, the legal title to which was in Hannay, in trust, and could not be conveyed, except by Hannay, on her request or direction in writing, with the written consent of her husband. Under the deed of September 29, 1859, no interest in the undivided half of the land in lot 9 could revert to her husband prior to her death. Therefore, it was not any interest of his under that deed which her husband was conveying by the deed of June 1, 1874.

Nor was it her power of appointment created by the deed of September 29, 1859, which she was exercising by the deed of June 1, 1874, because that was to be made effective by a con-

veyance by Hannay, and there was no request or direction by her to Hannay to convey, and he never did convey. The debt of $3,500 to Batchelor, named in the latter deed, is described therein as a debt by William H. Brereton and Samuel Brereton to Batchelor, and Mrs. Brereton is not named as debtor. Therefore, all property which they were conveying by that deed, to secure that debt, was presumably their own property, and any interest of Mrs. Brereton in it, sufficient to call for her signature to that deed, was presumably an interest created by her being the wife of Samuel, and which was supposed to grow out of his title and her marital relation, and not to have been before conveyed, irrespective of any other interest which she had in the land, or any power of appointment in respect of it.

It needs not much argument or authority to support the conclusion at which we have arrived. In *Agricultural Bank* v. *Rice*, 4 How. 225, 241, it was held that, in order to convey by grant, the party possessing the right must be the grantor, and use apt and proper words to convey to the grantee, and that merely signing, sealing and acknowledging an instrument, in which another person is grantor, is not sufficient. In the present case, if Mrs. Brereton possessed the right, she was not the grantor, and used no words to convey her right. No intention on her part to execute the power she possessed appears in the deed. *Warner* v. *Conn. Mut. Life Ins. Co.*, 109 U. S. 357, and cases there cited; Story's Eq. Juris. § 1062 a.

Moreover, Hannay possessed the right, and was not the grantor, and was not requested or directed by Mrs. Brereton to convey. 2 Perry on Trusts, § 778.

The decree of the court in general term is     *Affirmed.*