CAPE FEAR LUMBER CO. v. EVANS.

1. WRITTEN INSTRUMENT—OPTION.—PAROL EVIDENCE of a previous or contemporaneous stipulation between the parties is not admissible to enlarge, vary or contradict the terms of a written contract under seal for sale of timber, commonly called an "option.'

2. SUPREME COURT—SUBROGATION.—All parties being before the Court, this Court will remand a case with leave to a defendant to take proceedings to have itself subrogated to equities of its codefendant.

3. REHEARING refused.

Before DANTZLER, J., Marion, August, 1902.   Reversed.

Action by Cape Fear Lumber Co. against William Evans, H. J. Matheson and Tilghman Lumber Co.   From Circuit decree, plaintiff appeals.

*Messrs. T. W. Boucher, Johnson & Johnson,* for appellant. *Mr. Boucher* cites: *As to what is an option and its enforcement:* the same authorities as cited on this point in preceding case. *Matheson is estopped from setting up his mortgage against plaintiff:* 4 Am. Dec. in Eq., 301; 56 S. C., 478; 32 S. C., 526. *Doctrine of constructive notice as applied to options:* 53 Am. Dec., 526.

*Mr. Knox Livingston,* contra, cites: *Same authorities as cited by him for appellant in previous case. As to proof of declarations:* 33 S. C., 562; 35 Id., 537. *Error of trial Judge in quoting testimony cannot be corrected on appeal:* 35 S. C., 444. *Manner of examining a witness is within discretion of trial Court:* 53 S. C., 538; 60 S. C., 67. *If a fact be established by competent evidence, admission of incompetent is harmless error:* 48 S. C., 435; 53 S. C., 258, 450; 54 S. C., 293; 55 S. C., 526; 60 S. C., 208; 61 S. C., 309. *Relevancy of testimony is within discretion of trial Judge:* 52 S. C., 376; 64 S. C., 335; 50 S. C., 136. *Parol evidence is admissible to show minds of contracting parties did not meet:* 1 Green. on Ev., sec. 284; 2 Starkie on Ev.,

272; 3 Phil. on Ev., 1450; 1 Speer, 23; 4 Strob., 96; 2 Hill, 313; 2 McC., 112; 2 S. C., 332; 17 S. C., 329; 24 S. C., 597; 26 S. C., 312; 61 S. C., 166; 31 S. C., 319. *When admissible to affect written instruments:* 2 Pom., secs. 357, 860, 91; Wat. on Specific Per., secs. 323, 160; 4 Rich. Eq., 313; Fry on Spec. Per., sec. 476; 2 Story Eq. Jur., sec. 770. *Burden of proving contract is on plaintiff:* 1 Story Eq. Jur., sec. 161; 2 Pom. Eq. Jur., secs. 861-2; 3 Id., sec. 1405; 21 S. C., 119; 29 S. C., 598; 32 S. C., 203; 2 Beach on Mod. Ed. Jur., sec. 579; 2 Hill, 313. *Contract must be mutual:* 3 Pom. Eq. Jur., sec. 1305; 12 How., 127; 23 How., 312; 4 McLean, 21; 6 Paige, 288; 42 N. Y., 509; 1 Johns. Ch., 370; 40 Barb., 425; 115 Mass., 244; 10 Wall., 339; 57 N. Y., 219; 16 N. J. Eq., 147; 41 Mich., 298; 54 Md., 312; 55 L. R. A., 330; Riley Eq., 137. *Equity will not decree performance where it has become impossible:* Bisham's Prin. of Eq., 440; 2 Story Eq. Jur., sec. 710; Pom. on Con., sec. 292; Fry on Spec. Perf., sec. 658; Wat. on Spec. Per., sec. 125; 3 Par. on Con., 360; Bail. Eq., 371; 36 S. C., 136; 48 S. C., 515; 53 S. C., 574. *Registration of option is not constructive notice:* 1 Strob. Eq., 393; 10 Rich. Eq., 149; 39 S. C., 80; 159 Pa. St., 97.

This opinion was filed January 11, 1904, but remittitur held up on petition for rehearing until

April 30, 1904. The opinion of the Court was delivered by

JUDGE ERNEST GARY, *acting Associate Justice in place of* JUSTICE WOODS, *disqualified.* This is an action instituted by the plaintiff for the specific performance of a contract commonly denominated an option. The complaint, after the general allegations of its incorporation and that of the defendant, Tilghman Lumber Company, alleges that the defendant, Evans, being the owner of certain lands therein described, situate in Marion County, on the 21st day of November, 1898, for a valuable consideration, executed and

delivered to the plaintiff an instrument of writing in form as follows:

"For and in consideration of one dollar cash in hand, receipt of which is hereby acknowledged, Willie Evans hereby gives to Cape Fear Lumber Company or assigns, the option of purchasing within three months (90) days, all the timber on our lands for the lump sum of five hundred dollars, except such as is necessary for the plantation use, rail, wood and board, the said land containing 1,112 acres, more or less, and is bounded on north by Catfish Creek; south by public road from Marion to Bennettsville; east by lands of W. B. Atkinson and John Moore; west by a public road from Kirby's Cross Roads to Little Rock.

"The said Cape Fear Lumber Company to have exclusive rights of way over said land, to have ingress and egress at any and all times for men, teams, etc., to build, construct and operate a railroad across said lands so long as they may desire, free of charge. It is also agreed that the Cape Fear Lumber Company shall be held liable for only such damages by fire, in case it catches from their locomotive, as follows: If fencing or building are burnt they are to have the option of replacing fencing or building as good as when it caught fire or pay what sum is mutually agreeable, the option of doing either to remain with Cape Fear Lumber Company. It is further agreed that in case any taxes should be levied upon the standing timber we will pay it, as it is a part of the land until cut.

"The said Cape Fear Lumber Company to have ten years from the time they commence to cut our timber to cut and remove said timber and if at the end of that time they have not removed said timber, then by the payment of six per cent. upon purchase price, they can have ten (10) years longer time to remove same.

                                "William Evans, (Seal).

"Witnessed this 21st day of November, 1898.   H. W. Kellam.   S. Mitchell."

On the 17th day of February, 1898, the plaintiff accepted

the option, made tender of the price, and demanded performance on the part of the defendant, but the defendant declined to accept the money and perform the agreement. The complaint alleges that the plaintiff performed on its part all the conditions of said agreement, and has been, and is, ready to perform the same; that it has no adequate remedy at law, etc. It further alleges that after the execution and delivery of the alleged agreement, defendant, Evans, sold and conveyed to his co-defendant, Tilghman Lumber Company, the timber on said lands, and granted the easements in said alleged option set forth as above. The agreement to the plaintiff was recorded in the office of the register of mesne conveyance for Marion County, and the defendant, Tilghman Lumber Company, had notice of the same. At the time of the execution of the alleged agreement, or option, the defendant, A. J. Matheson, held a mortgage on the land described in the option for the purchase money thereof to the amount of $500, which mortgage, subsequent to the execution of said option, has been released by said Matheson to the defendant, Tilghman Lumber Company, he having received the amount due thereon.

The prayer of the complaint is that the deed from Evans to the defendant, Tilghman Lumber Company, be declared void and cancelled; that Evans be required to execute a conveyance and Matheson a release of the lien of his mortgage to the plaintiff, in accordance with the terms of said agreement, and for injunction and general relief.

The defendant, Evans, in his answer, admits title to the tract of land in question, and that he signed a paper of the purport of that set forth in plaintiff's complaint, but he denies that said instrument in writing ever became operative, obligatory or binding upon him. He admits that tender was made of $500 and a grant to his co-defendant, Tilghman Lumber Company, for valuable consideration was executed by him as alleged in the complaint. As to the other allegations of the complaint, he alleges that he has no knowledge or information sufficient to form a belief as to the truth of

the same, and makes a general denial; and for a further de-
fense alleges that on or about November the 21st, 1898, he
signed an instrument of writing to the purport of that set
forth in the complaint, but he avers that he signed the same
upon the express condition and provision that it should have
no force or effect, and be null and void, unless his co-defend-
ant, Matheson, assented thereto, signed the same and re-
leased the lien of a mortgage held by him on said land to the
extent of said timber, and in the easements the said agree-
ment mentioned; that said agreement was signed by him,
delivered to and received by one Mitchell, who had con-
ducted the negotiations, and was the agent of the plaintiff,
upon the conditions and stipulations aforesaid, and that said
Mitchell secure the written assent and release of Matheson
thereto; that at the time he signed said agreement, his co-
defendant, Matheson, held a mortgage on the land in ques-
tion, given for the purchase money, and that defendant,
Evans, believing that good faith and conscience, if not strict
legal right, demanded that he should do nothing which
would impair the security held by his co-defendant, Mathe-
son, made it a condition precedent to the binding force and
effect of said agreement, that the said Mitchell, as agent,
would forthwith procure in writing the assent of the said
Matheson to the sale and grant therein contained, and said
agreement was signed, delivered and accepted upon that
express condition and proviso. He further alleged that
Matheson never assented to the sale and grant, nor released
the lien of his mortgage, either verbally or in writing; and
hearing nothing further from the plaintiff, he, on January
23d, 1899, for valuable consideration, sold and granted to
his co-defendant, Tilghman Lumber Company, the timber
on said premises, etc. For a further defense, he alleges that
said agreement never became obligatory, was illegal and
void; that plaintiff has a full and adequate remedy at law,
and is not entitled to the equitable aid of this Court for relief
in the premises.

The defendant, Matheson, admits upon information and

7—69

belief that his co-defendant, Evans, sold and conveyed to Tilghman Lumber Company, for valuable consideration, the timber on said land, and that he for value consented to such sale, and released the lien of his mortgage in so far as the same was concerned. He further admits being the owner and holder of said mortgage, but denies that he either verbally or in writing agreed to or did release the lien of his mortgage on said timber, or that he made or entered into any agreement with the plaintiff or its agents in reference thereto. For a further defense, he sets up a want of consideration, the statute of frauds, in that the agreement was not in writing, etc.

The defendant, Tilghman Lumber Company, admits its incorporation, the purchase for full value of the timber, the grant of the same by its co-defendant, Evans, and execution of the release by Matheson; but as to all other allegations of the complaint, denies want of knowledge or information in reference to the same, and claims to be a purchaser for value without notice.

The cause came on to be heard before his Honor, Judge Dantzler, at the June (1902) term of Court for Marion County, the testimony being taken in open Court; and on September 1st thereafter, he filed his decree, dismissing the plaintiff's complaint on the ground, mainly, that the defendant, A. J. Matheson, did not approve of said option, holding that that was a condition precedent to the execution of the same.

From that decree the plaintiff appealed to this Court upon numerous exceptions, which need not be set out *in extenso*, as we think the first exception is sufficient to bring up the issues to be determined on this appeal, which exception is as follows:

"Because his Honor erred in holding that Evans' deed or option to Cape Fear Lumber Company was conditioned upon Matheson's approval; whereas, it was absolute and binding on Evans, irrespective of Matheson, and if Matheson was not bound thereby, he could foreclose his mortgage

against the land as against the Cape Fear Lumber Company, the plaintiff buying subject to the mortgage and taking the risk of foreclosure."

The Circuit Judge finds as a fact, that before the delivery of the deed to the Tilghman Lumber Company, Tracy E. Fore, an agent of said company, was informed that the plaintiff had an option on the said timber and other rights mentioned therein, subject to the approval of the said A. J. Matheson. He also finds in the following words: "I am satisfied that at the time of the execution and delivery of the deed of conveyance by the defendant, Willie Evans, to his co-defendant, Tilghman Lumber Company, Tracy E. Fore was at that time, on that occasion, the agent of the said Tilghman Lumber Company, and as such agent accepted the said deed of conveyance, with notice of whatever rights, if any, which had accrued to the plaintiff by virtue of the signing of the said option by the defendant, Willie Evans. But having concluded that the said option is void, the plaintiff acquired no rights thereunder."

So the main question raised by the several grounds of this appeal is, was the agreement or option executed by the defendant, Evans, to the plaintiff herein null and void, for the reason that the defendant, A. J. Matheson, did not approve of the same. It will be observed that the condition relied on by the defendant to annul the said option is not embraced within its terms, but it is contended that it was a condition expressed before, and simultaneously with, the signing of the same, and, therefore, is binding. The rule upon this subject is announced in the case of *Railway Company* v. *Seigler,* 24 S. C., page 128, where the Supreme Court quotes with approval the rule as laid down by Mr. Greenleaf, sec. 277. The language of the Court being: "It is a general rule of evidence, long since established and now well settled, that parol testimony cannot be introduced to vary, add to or alter a written instrument, which in itself is plain and free from doubt. The parties themselves having reduced their contract to writing, they are supposed to have done so in part,

at least, with the view to exclude everything else but the writing itself in determining their contract, which writing must be interpreted by the Court according to well established rules not necessary to be here considered. This rule, it will be observed, is directed only against the admission of any other evidence of the language employed by the parties in making the contract, than that which is furnished by the writing itself. 1 Greenl. Evid., sec. 277. It, therefore, does not prevent the writing from being read in the light of surrounding circumstances, if need be, in order the more perfectly to understand the intent and meaning of the parties. The writing, however, being the act and instrument of the parties, finally and solemnly agreed upon, no other words than those found therein can be added to it or substituted in its stead by oral testimony. Nor can oral testimony of a previous colloquium, or of conversation or declarations at the time when completed or afterwards, be offered to explain it. On the contrary, the instrument must stand upon its own terms."

The rule of Mr. Starkie is quoted by the Supreme Court of this State with approval in the case of *Bulwinkle & Company* v. *Cramer,* in the 27 S. C., at page 380, 3 S. E., 776, and is as follows: "All the authorities agree that as a general and most inflexible rule of evidence, 'whenever written instruments are appointed either by the requirements of the law or by the compact of parties to be the depositories and memorials of truth, any other evidence is excluded from being used, either as a substitute for such instruments or to contradict or alter them. This is a matter both of principle and policy.' Starkie on Evidence, 648."

So we think it was error on the part of the Circuit Judge in declaring null and void the solemn agreement, under seal, of the defendant, Evans, on the ground that there was a stipulation between the parties to the agreement not embraced within the terms of the writing itself. The language of the instrument is unambiguous, free from doubt, and it

was error to permit parol testimony which would tend to enlarge, vary or contradict its terms.

It is, therefore, the judgment of this Court, that the judgment below should be reversed.

It is, therefore, ordered, that the deed executed by the defendant, Evans, to the Tilghman Lumber Company be set aside, that company having purchased with full knowledge of the option of the Cape Fear Lumber Company.

Ordered further, that the said defendant, Evans, be required to execute a deed to the Cape Fear Lumber Company in conformity with the option set out in the complaint.

Inasmuch, however, as it appears that the Tilghman Lumber Company has paid to the defendant, Matheson, the amount due on his mortgage, and all parties in interest being before the Court, it is considered proper that the case should be remanded to the Circuit Court without prejudice to the defendant, Tilghman Lumber Company, to take such proceedings as it may be advised to subrogate itself to the equity of the defendant, Matheson, that company having secured from said Matheson a release of the lien of the said mortgage on the timber embraced in the option set out in the complaint.

Petition for rehearing refused, April 30, 1904.