CLARA JASON, DEFENDANT IN ERROR, v. JOSEPH M. JOHNSON, PLAINTIFF IN ERROR.

Argued July 3, 1906—Decided June 17, 1907.

The signing of a deed of conveyance by one who is not mentioned or described in the body of the instrument as a grantor has no effect at law to convey such party's estate in the lands described therein.

On error to Atlantic Circuit Court.

For the plaintiff in error, *Thompson & Cole.*

For the defendant in error, *William I. Garrison.*

The opinion of the court was delivered by

PITNEY, J.    This was an action of ejectment for certain lands in Atlantic county, and resulted in a verdict and judgment for the plaintiff. Her alleged title, as disclosed at the trial, is deduced through two deeds, the first of which is dated June 5th, 1897, and thereby one Chandler conveyed the lands to Mary C. Baylor, as trustee for Norman R. and Tunstall P. Baylor, the trust being "to receive the rents, issues and profits thereof during the minority of the said Norman R. Baylor and Tunstall P. Baylor, and to apply the said rents, issues and profits to the maintenance of said minors, and at any time during the minority of said minors to sell and grant and convey the said premises, or any part thereof, to any purchaser for any price, and to execute a good and sufficient conveyance in the law for the same," &c. The second deed is dated July 1st, 1903, and in the body thereof it purports to be made between Norman R. and Tunstall P. Baylor, of the first part, and William C. Sharpe, of the second part, and to convey the premises in question from the parties of the first part to Sharpe. This deed is signed by Norman R. and Tunstall P. Baylor, and is also subscribed by Mary C. Baylor, the trustee, but she is nowhere mentioned or referred to in the body of the deed as a party thereto. Plaintiff claims title under a conveyance from the executor of Sharpe.

At the close of the evidence, the defendant moved for direction of a verdict in his favor on the ground (among others) that it did not appear that Mary C. Baylor had conveyed the legal title, and that while she signed the deed of 1903, above mentioned, her name nowhere appeared in the body of the deed. The overruling of this motion, to which exception was duly sealed, raises the only question that we have found it necessary to determine.

It is unnecessary to say that in an action of ejectment the plaintiff must succeed, if at all, upon the strength of his legal title. An equitable title is not sufficient.

Plaintiff, having shown a legal title in Mary C. Baylor, must fail in her action unless she also shows that this title has been conveyed to herself. Whatever effect might be given in a court of equity to Mary C. Baylor's signature to the deed of 1903, it has, in our opinion, no effect against her as a legal conveyance, it being established that the signing of a deed of conveyance by one who is not mentioned or described in the body of the instrument as a grantor is of no effect at law to convey such party's estate in the lands described therein. *Dev. Deeds* (*2d ed.*), §§ 194, 195, 204, 455; *Mart. Conv.*, § 68; 9 *Am. & Eng. Encycl. L.* (*2d ed.*) 108; *Agricultural Bank* v. *Rice* (1845), 4 *How.* 225, 241; *Cox* v. *Wells* (*Ind.*, 1845), 7 *Blackf.* 410; 43 *Am. Dec.* 98; *Peabody* v. *Hewitt* (1861), 52 *Me.* 33; 83 *Am. Dec.* 486; *Merrill* v. *Nelson* (1872), 18 *Minn.* 366; *Harrison* v. *Simons* (1876), 55 *Ala.* 510; *Laughlin* v. *Fream* (1878), 14 *W. Va.* 322; *Adams* v. *Medsker,* 25 *Id.* 127; *Batchelor* v. *Brereton* (1884), 112 *U. S.* 396; 28 *L. Ed.* 748; 5 *Sup. Ct.* 180; *Gaston* v. *Weir* (1888), 84 *Ala.* 193; 4 *So. Rep.* 258; *Stone* v. *Sledge* (1894), 87 *Tex.* 49; 26 *S. W. Rep.* 1068; 47 *Am. St. Rep.* 65.

The deed of 1903 has, therefore, no effect as a legal conveyance beyond its operation to transfer whatever estate Norman R. and Tunstall P. Baylor then had in the lands in question. Does the case show that they had, or might upon the evidence be presumed to have had, a legal estate therein? If they had such it must, of course, have come from their trustee.

Although the deed of 1897 contains no express language imposing upon the trustee the duty of conveying the lands to the *cestuis que trustent* upon their arriving at majority, we assume (without deciding) that this duty arises by fair inference from the trust clause as above quoted.

And we have not overlooked the cases in which it has been held that where it appears that the object for which a trust

was created has been accomplished, or that the term during which the active duties of a trust were to continue has expired, so that nothing remains to be done by the trustee beyond a conveyance of his naked legal title to the *cestui que trust,* such a conveyance may be presumed from lapse of time or other circumstances, in order to prevent the just title of the beneficial owner from being defeated by a matter of form, and that this presumption will be indulged even in a court of law. *Den, ex dem. Obert v. Bordine, Spenc.* 394; *Brown ads. Combs, 5 Dutcher* 36, and cases therein cited.

But in the case at hand there is no evidence to show that the beneficiaries, Norman R. and Tunstall P. Baylor, had arrived at full age at the time of the making of the deed of July 1st, 1903, and the period of about six years that had intervened since the establishment of the trust for their benefit is not, as we think, sufficient to create the inference that they must have reached their majority. It therefore not being made to appear that the time had arrived when the duty rested upon Mrs. Baylor to convey the land over to them, there was no ground for the presumption that she had made such a conveyance.

The judgment under review should be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Fort, Hendrickson, Pitney, Reed, Trenchard, Bogert, Vredenburgh, Green, Gray, Dill, J.J. 13.