7871

### TILGHMAN LUMBER CO. v. MATHESON.

1. DEEDS—WARRANT—SUBROGATION.—An action on a breach of warranty in a deed does not take the place of a proceeding to subrogate the plaintiff to the rights of defendant for a payment made by plaintiff to defendant on a mortgage debt held by him; the right to subrogation having been adjudicated and suggested by the Court.

2. IBID.—IBID.—One whose name does not appear in the body of the deed as grantor, does not make himself a grantor so as to subject himself to action for breach of warranty by signing a deed with another whose name appears in the body as grantor.

Before KLUGH, J., Marlboro.   Reversed.

Action by Tilghman Lumber Company against A. J. Matheson. Defendant appeals.

*Messrs. Townsend & Rogers* and *Stevenson, Matheson & Stevenson,* for appellant, cite: *The plaintiff having previously contended that defendant's interest in the land was as mortgagee, it cannot now insist on the contrary:* 25 U. S. 54; 11 Ency. 446. *And this question is res judicata:* 77 S. C. 493. *Matheson is not a grantor in the deed in question:* 4 McC. 204; 32 S. C. 599; 13 Cyc. 540; Tiedeman on Real Property 798; Oliver on Conveyances 244-7; 2 Tiffany Law of Real Property; 3 Gray 567; 17 Ohio 105; 25 W. Va. 127; 4 How. 225; 112 U. S. 346. *Warranties are not implied:* 3 S. C. 117; 13 S. C. 210. *Nor can it be proved by parol testimony:* 2 Spear. 10; 6 Rich. 361; 1 Rich. 104.

*Messrs. Willcox & Willcox* and *McColl, McColl & LeGrand,* contra, cite: *Matheson is liable under the warranty in the deed:* 4 McC. 204; 2 Bail. 199; 5 Cyc. 732.

April 21, 1911. The opinion of the Court was delivered by

JUDGE WATTS, *acting Associate Justice, in place of* MR. JUSTICE WOODS. A. J. Matheson, the appellant, a citizen of Marion county, South Carolina, was the owner of a tract of land situate in said county, containing 1,112 acres. He sold and conveyed this tract of land to J. P. Tart and took a mortgage of the premises to secure the purchase money. Subsequently Tart sold this land to William Evans, subject to said purchase money mortgage.

Evans, on the 21st day of November, 1898, for a valuable consideration, gave to the Cape Fear Lumber Company an option of purchasing within three months (90 days) all the timber growing on said tract of land. The option was reduced to writing, was duly recorded, and is fully set out in the case of the *Cape Fear Company* v. *Evans,* 69 S. C.

95, 48 S. E. 108.   On the 17th day of February, 1899, within the ninety days, the Cape Fear Company accepted the option, tendered the money consideration and demanded compliance on the part of Evans, which was refused.   In the meantime, to wit, on the 23d day of January, 1899, Evans, for a valuable consideration, sold and conveyed to the Tilghman Lumber Company all of the timber on said land and embraced in the option which he had given to the Cape Fear Lumber Company, and which that company accepted on the 17th of February, 1899.   In the deed of conveyance, executed by Evans to the Tilghman Lumber Company, the only grantor named in the deed is Evans himself.   This sale was made subject to the purchase money mortgage held by Matheson, and his name nowhere appears in the deed, although he signed the deed and received $700.00, the consideration money for the conveyance.

Such being the facts, the Cape Fear Lumber Company began an action to enforce its rights under its option.   The Tilghman Lumber Company, Evans and Matheson were all made parties defendants.   The plaintiff demanded that the deed from Evans to the Tilghman Lumber Company be declared null and void and that it be canceled; that Evans be required to execute a conveyance to the plaintiff in accordance with the terms of its option, and that Matheson release the lien of his mortgage.

The cause was heard on the circuit and the complaint of the plaintiff was dismissed.   From the decree of the presiding Judge the plaintiff appealed to the Supreme Court on exceptions.   *Lumber Co.* v. *Evans,* 69 S. C. 93, 48 S. E. 108.   The Supreme Court reversed the finding below and ordered that the deed, executed by Evans to the Tilghman Lumber Company, be set aside and canceled.   Further, that Evans execute a deed of conveyance to the Cape Fear Lumber Company in conformity with the option given and accepted.   But the Court went on to say: "Inasmuch, however, as it appears that the Tilghman Lumber Company has

paid to the defendant, Matheson, the amount due his mortgage, and all parties in interest being before the Court, it is considered proper that the case should be remanded to the Circuit Court without prejudice to the defendant, Tilghman Lumber Company, to take such proceedings as it may be advised to subrogate itself to the equity of the defendant, Matheson, that company having secured from the said Matheson a release of the lien of the said mortgage on the timber embraced in the option set out in the complaint." All that was left the Tilghman Lumber Company was the right to take steps to subrogate itself to the equity of Matheson. Hence this action. This is an action to recover $700.00 for breach of warranty, Matheson having signed the deed of conveyance, although his name does not appear in the deed as grantor. The plaintiff alleges that $700.00 was paid to Matheson about the 23d of January, 1899, "and in consideration of the payment thereof the said A. J. Matheson bound himself to warrant and forever defend, all and singular, the said timber and premises unto the plaintiff herein," etc.

Again the plaintiff alleges: "That by the warranty above stated the defendant, A. J. Matheson, and the said William Evans, who joined the defendant in the execution of said contract, covenanted with the plaintiff that they were seized in fee of the property therein described, and every part thereof," and the title having failed, the plaintiff demands judgment against Matheson for $700.00 and interest.

The defendant, Matheson, answering the complaint, alleges, in substance, as follows: That at the time Evans entered into contract with the plaintiff, Evans was indebted to him for the purchase money of said tract of land, and that he held a mortgage covering the same to secure the purchase money. He admits that he did agree to release the lien of this mortgage, so far as it affects the timber embraced in said contract, upon the payment of $700.00, and that he fully performed that agreement. He denies

that he bound himself to warrant and defend said timber and said premises to the plaintiff. He denies that he in any manner or at any time covenanted with the plaintiff that he was seized in fee of the property embraced in said contract, or that he had any right to convey the same, or that said property was free from incumbrances. He alleges that he had no title to said land or timber at the time of the making of said contract, but merely held a mortgage on the same. He denies that he has in any manner damaged the plaintiff or is due it anything by reason of failure of title or right to convey said timber on the part of Evans to the plaintiff.

The cause was heard on the circuit by Judge Klugh, who directed a verdict for the plaintiff, and the defendant appeals to this Court on several exceptions, unnecessary to set out in detail.

Such is a brief history of this land and timber trouble from its inception. In the case of *Lumber Co.* v. *Evans et al.,* 69 S. C. 93, this Court held null and void the deed made by Evans to this plaintiff, and ordered him to execute a conveyance of the same premises and the timber thereon to the Cape Fear Lumber Company, in accordance with an option previously granted to this company by Evans. This holding fixed the legal title to the land and timber in Evans, for the deed upon which the plaintiff bases this action was then before the Court, and, of course, was properly considered. In that action the present plaintiff, then a defendant, treated the interest of Matheson in the said land and timber as that of a mortgagee and paid Matheson $700.00 to release the lien of the mortgage, and this Court held, saying: "Inasmuch, however, as it appears that the Tilghman Lumber Company has paid the defendant, Matheson, the amount due on his mortgage, and all the parties in interest being before the Court, it is considered proper that the case should be remanded to the Circuit Court without prejudice to the defendant, Tilghman

Lumber Company, to take such proceedings as it may be advised to subrogate itself to the equity of the defendant, Matheson, that company having secured from said Matheson a release of the lien of said mortgage on the timber in the option set out in the complaint."

So it appears that everything for which the plaintiff is contending is *res adjudicata*—that all that is left is its right to subrogate itself to the equity of Matheson, if so advised.

But, apart from the question of *res adjudicata,* did Matheson render himself liable as grantor when he signed the Evans deed of conveyance to the Tilghman Lumber Company? The name of Evans only appears as grantor. Matheson is unknown, nor does his name appear in the granting clause or elsewhere in the deed. He has no connection with the deed, except that he signed it. Does that make him liable as grantor? We think not. In the case of *Bank* v. *Rice,* 4 How., U. S. 224, the Court, through Chief Justice Taney, said: "In order to convey by grant the party possessing the right must be the grantor, and merely signing and sealing and acknowledging an instrument is not sufficient."

This finding was approved in *Bachelor* v. *Brereton,* 112 U. S. 396.

In *Adams* v. *Medsher,* 25 W. Va. 127, the Court said: "No one, who is not a party to the deed, can be bound by it or by its *covenants,* and no one can be a party who is not mentioned or referred to therein. The mere signing and acknowledging it, when there are parties named in it, is insufficient to make the person so signing it a party to it."

We are of the opinion that Matheson, by merely signing the deed, did not thereby render himself liable as grantor.

The case of the *Lumber Company* v. *Evans, supra,* was remanded to the Circuit Court but for one purpose— to permit the plaintiff herein "to take such proceedings as it may be advised to subrogate itself to the equity of Matheson."

What is subrogation? Subrogation is the substitution of one person in the place of another. "When the purchaser's title to the land fails, he will be subrogated to the rights of the holders of liens or incumbrances which he has paid, or which has been paid out of the purchase money." 27 Enc. L. 239.

This is not a proceeding of that character. It is not an effort on the part of the plaintiff to put itself in the place of Matheson and to enforce such equity as Matheson may have. On the contrary, it is an action against Matheson for breach of warranty and demands a personal judgment against him.

The judgment of the Circuit Court is reversed.